No. 53.—ROBERT HACKEY *et al.* plaintiffs in error, *vs.* THE STATE OF GEORGIA. MILES HACKEY *et al.* plaintiffs in error, *vs.* THE STATE OF GEORGIA.

[1.] Where the bill of exceptions is signed, and notice thereof is served on counsel, who acted as Solicitor General, *ad interim*, after the adjournment of the Court for which he was appointed, it is insufficient. *Aliter*, if it had been done during the term.

*Sci. fa.* on bond, from Cobb Superior Court—consolidated in Supreme Court. Decisions by Judge HILL.

A motion was made to dismiss the writs of error, in these causes :

1st. Because no original notice was filed or served, of the signing and certifying of the bill of exceptions.

The Clerk certified that he sent up such a notice, but none such appeared among the papers.

2d. Because the bill of exceptions was not signed or certified, within thirty days from the adjournment of the Court.

The Judge certified that the bill of exceptions arrived at his residence before the expiration of the thirty days, but from "unavoidable casualty, he did not receive it" until after the expiration of the time.

3d. Because the writ of error and citation were served on John M. Edge, Solicitor General, *pro tem.* appointed for that particular term, and near two months after the adjournment of the Court.

AKIN, for the motion.

BURCH, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] A preliminary motion was made to dismiss the writs of error, in these cases, upon several grounds. We deem it ne-

Hackey *et al. vs.* The State.

cessary to consider one of them, only, namely : that no notice was served upon the defendant; for, if this objection be well taken, in point of fact, it is fatal.

The Act organizing this Court, requires that in a criminal cause, the notice of the signing of the bill of exceptions, shall be served on the attorney or Solicitor General. The notices, in these cases, were served on John M. Edge, who, in the absence of the Solicitor General, of the Blue Ridge Circuit, E. D. Chisolm, had acted as Solicitor General, *pro tempore*, under the appointment of the Court, for the term at which these causes were tried. His office, and consequently, his connection with the cases, terminated with the adjournment of the Court. He no longer represented the State of Georgia, in the further prosecution or defence of these cases ; service on him, therefore, some two months thereafter, was neither a service on the defendant, or his attorney, as required by the Statute. It amounted to nothing. Had the bills of exception been tendered and signed, and the notices served on the acting Solicitor, during the term, it would have been sufficient. Mr. Chisolm now insists on this objection, in behalf of the State, and it must prevail.

Nor can the plaintiffs in error, complain of the application of strict law to their cases. They stand accused of odious offences, to wit: the one for harboring a slave, with intent to steal him, and the other, for aiding and abetting in the perpetration of the crime. And their defence to their bonds, as the record shows, is purely technical. Under such circumstances, we would not feel inclined to stretch the powers of the Court, for their relief, even if we had the right to do so.

The writs of error must be dismissed.