MARTIN NEW, plaintiff in error,. vs. CAMILLE LEHARDY defendant in error.

1. The written notice required by section 3987 of the Code, to be given by the plaintiff in *certiorari* to the opposite party in interest, need not appear of record, if there is a waiver in writing of the notice.

2. Under section 3956 of the Code, a possessory warrant lies at the instance of the party injured, in two classes of cases : First, where any personal chattel has been taken, enticed or carried away, either by fraud, violence, seduction or other means from the possession of the party complaining. Secondly, where such personal chattel, having recently been in the quiet, peaceable and legally acquired possession of the complaining party, has disappeared without his consent. In the first class of cases no lapse of time will bar the plaintiff's right to recover, if he makes out his case in other respects, where the defendant fails to show that such property has been in his quiet and peaceable possession for four years next immediately preceding the issuing of the warrant, or, perhaps, in the quiet and peaceable possession for that length of time, of those under whom he claims.

*Certiorari.* Notice. Possessory warrant. Statute of limitations. Before Judge GIBSON. Richmond Superior Court. January Term, 1872.

Martin New sued out a possessory warrant for a horse in the possession of Camille LeHardy. The case was tried before Richard W. Maher, a Justice of the Peace, on May 13th, 1871.

The evidence disclosed that plaintiff was in possession of the horse at Shultz Hill, in South Carolina, in May, 1865; that the horse was taken about that time from his possession, without his knowledge or consent; that plaintiff next saw the horse in possession of defendant in Augusta, Georgia, some two weeks before the trial, and demanded possession on May 3d, 1871 ; that defendant purchased the horse in Rome, Georgia, in July, 1870, and had been in possession ever since.

The Justice of the Peace awarded the possession of the horse to the plaintiff. The defendant carried the case, by writ of *certiorari*, to the Superior Court of Richmond county. When the case was called, the defendant in *certiorari* moved to dismiss the writ, because written notice of the sanction of

New *vs.* LeHardy.

the petition for *certiorari*, and of the time and place of hearing, had not been given to said defendant. It was admitted by defendant that a waiver, in writing, of said notice had been taken by plaintiff in *certiorari*, but he insisted that the writ should be dismissed, because the waiver did not appear of record. The motion was overruled by the Court and defendant excepted.

The Court rendered the following decision: "The *certiorari* in this case is sustained, and the judgment and order of the magistrate in the Court below, ordering the property into the possession of Martin New, he not having been recently in the possession of the horse, nor shown a clear right to the same, is set aside and reversed."

The defendant excepted to the said judgment and assigns the rulings aforesaid as error.

MARCELLUS P. FOSTER, represented by H. CLAY FOSTER, for plaintiff in error. 1st. The refusal of the Court to dismiss the *certiorari*, on the ground that it did not appear from the record that the notice required by law had been given or waived, was error: Code, section 3987; Pamphlet Decisions Sup. Ct. Ga., 1871, p. 78, last publication; L. J. Glenn & Son *vs.* Wm. C. Shearer *et al.* 2d. The Court erred in sustaining the *certiorari*, on the ground that it did not appear that the plaintiff was recently in the possession of the property claimed: Code, sections 3956, 3961; 22 Ga., 319, 321. 3d. The Court erred in sustaining the *certiorari*, on the ground that the decision of the Justice was unsupported by the evidence: 29 Ga., 628; 28th, 484; 28th, 320; 28th, 66; 10th, 503; 18th, 13; 14th, 286; 6th, 276.

CLAIBORNE SNEAD, represented by the REPORTER, for the defendant.

MONTGOMERY, Judge.

1. Judge Lumpkin has somewhere said that a party may waive everything, even a trial, by confession of judgment or

plea of guilty. Surely there is nothing peculiar in the written notice required to be given of the sanction of a writ of *certiorari* that takes it out of so sweeping a rule—the waiver itself being in writing.

2. In this case the plaintiff lost his property some six years before he sued out his possessory warrant. The horse then had not been "recently" "in the quiet, peaceable and legally acquired possession" of the plaintiff. But there is another class of cases in which a possessory warrant will lie, to-wit: where "any personal chattel has been taken, enticed or carried away either by fraud, violence, seduction or other means, from the possession of the party complaining." In this class of cases no lapse of time will bar the plaintiff if he makes out his case in other respects, unless the defendant shows that he has been in possession for four years next immediately preceding the issuing of the warrant. But the *onus* is on the defendant. Perhaps if he show that he and those under whom he claims has been in possession for that length of time it will suffice. In this case the defendant has shown neither.

Judgment reversed.