JOSEPH H. ALLEN, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

1. Under the constitution of 1868 the general assembly has authority to provide for the trial of misdemeanors in county courts and other inferior tribunals, by juries composed of a less number than twelve jurors.

2. Where the written accusation fails to charge the defendant with being a vagrant, because he was a professional gambler living in idleness, it was error to allow testimony showing such fact.

3. Where a trial was had in the county court, and the writ of *certiorari* sued out thereto, the hearing upon which was had before the judge of the superior court at chambers, the bill of exceptions to his judgment need not be served upon the solicitor general of the circuit. Service upon the solicitor of the county court is sufficient. (See report. R.)

Constitutional law. Jury. Evidence. Criminal law. Practice in the Supreme Court. Before Judge STROZER. Dougherty County. At Chambers. July 16th, 1873.

Allen *vs.* The State of Georgia.

When this case was called a motion was made to dismiss the writ of error because the bill of exceptions had never been served upon the solicitor general of the Albany circuit. The papers disclosed that the trial had been had in the county court, and the writ of *certiorari* sued out thereto. The hearing upon the *certiorari* was had before the judge of the superior court, at chambers, and it is to his judgment that the bill of exceptions was filed. Service was made upon the solicitor of the county court. The motion was overruled, the court enunciating the principle embraced in the third head-note.

For the facts, see the decision.

HENRY MORGAN, for plaintiff in error.

B. B. BOWER, solicitor general, by R. F. LYON, for the state.

WARNER, Chief Justice.

The defendant was tried in the county court of Dougherty county on a written accusation, for vagrancy, as provided by the 31st section of the act of 1872 establishing that court, and the amendatory act thereof of 1873, and found guilty. The defendant sued out a writ of *certiorari* to the superior court, alleging that errors were committed in the county court on the trial of the case. After hearing and considering the alleged errors contained in the *certiorari*, the court overruled the same, and the plaintiff in *certiorari* excepted.

1. One of the errors complained of is that the defendant, on his trial in the county court, was entitled to have been tried by a jury of twelve men instead of a jury of five men as provided by the 31st section of the act of 1872, and the 3d section of the amendatory act of 1873. The constitution of 1868 does not declare that the right of trial by jury, as *heretofore used* in this state, shall remain inviolate, but the constitution of 1868 declares that the right of trial by jury, except where it is otherwise provided in this constitution, shall remain inviolate, and that the general assembly shall provide by law for the selection of upright and intelligent persons to

serve as jurors. The words "except where it is otherwise provided in this constitution," doubtless has reference to that clause which authorizes the superior court to render judgment without the verdict of a jury in civil cases where no issuable plea is filed, and not to the number of persons who should compose the jury. If the words "trial by jury as heretofore used in this state," were in the constitution of 1868 there would have been some ground for supposing that a common law jury of twelve men as heretofore used in this state was intended, and no other. But the words "as heretofore used in this state" are omitted in the constitution of 1868, and by that same constitution it is declared that a jury of seven shall be a lawful jury in the district court which was authorized to be organized by it. The right of trial by jury is one thing, the number of persons who shall compose the jury is another. The fact that the constitution of 1868 recognizes seven persons as a lawful jury in the district court clearly demonstrates that it was not intended that there should be a jury of twelve men in all cases. The general assembly, in establishing the county court of Dougherty county, have provided that on the trial of accusations in that court, when demanded by the accused, the judge thereof shall have summoned by the sheriff a jury of twelve men, who are subject to jury duty in the superior court, from which the defendant and the state shall alternately strike, until but five jurors remain, who shall compose the jury. In our judgment, this act and the amendment thereof providing for a jury as therein specified, is not a violation of the constitution of 1868, so far as the same is applicable to trials for misdemeanors in the county courts and other inferior tribunals established by law, but we express no opinion as to the right of trial by a common law jury of twelve men, on an indictment for murder, or in cases of felony, under the constitution of 1868. The complaint is not that the defendant was not tried by a jury of upright and intelligent persons, but the complaint is as to the number of the jurors provided by the act for the trial of the accusation made against him in the county court.

Allen *vs.* The State of Georgia.

2. The defendant also excepted to the ruling of the court at the trial, in allowing a witness for the state to testify, over defendant's objection, that he was a professional gambler, there being no allegation in the written accusation to authorize it. The 4560th section of the Code recognizes five distinct classes of vagrants : First, persons wandering or strolling about in idleness, who are able to work, and have no property to support them ; second, persons leading an idle, immoral or profligate life, who have no property to support them, and who are able to work and who do not work; third, persons able to work, having no property to support them, and who have not some visible and known means of a fair, honest and reputable livelihood; fourth, persons having a fixed abode, who have no visible property to support them, and who live by stealing, or by trading in, bartering for, or buying stolen property ; fifth, all professional gamblers living in idleness shall be deemed and considered vagrants, and shall be indicted as such. The defendant in this case was not charged in the written accusation in the county court with being a vagrant because he was a professional gambler living in idleness, and therefore it was error in the court in allowing the evidence on the trial to prove that fact, for the reason that the defendant was not notified by the accusation that the state was proceeding against him as a vagrant on that ground, and it cannot be presumed that he was prepared at the trial to meet that charge. If the state desired to convict him as a vagrant under the statute because he was a professional gambler living in idleness, that fact should have been alleged in the written accusation to have authorized the evidence of it at the trial.

Let the judgment of the court below be reversed.