BUTTS v. THE STATE.

Notice in a criminal case to the attorney who, by appointment of the judge of the city court of Macon as solicitor *pro tem.*, represented the State upon the trial of the case in that court, of the sanction of a writ of *certiorari* to the superior court and of the time and place of hearing, is not sufficient. The notice must be served upon the solicitor-general of the circuit.

October 8, 1892.

Practice. Service. *Certiorari.* Before Judge MILLER. Bibb superior court. April term, 1892.

M. G. BAYNE, by brief, for plaintiff in error.

W. H. FELTON, Jr., solicitor-general, by brief, *contra.*

SIMMONS, Justice.

The counsel who represented the State as solicitor-general *pro tem.* of the city court of Macon on the trial of the case in that court, acknowledged service of notice of the sanction of a writ of *certiorari* to the superior court,

and of the time and place of hearing. The judge of the superior court dismissed the *certiorari* for want of service on the solicitor-general of the circuit.

We think the dismissal was proper. The statute requires that the notice shall be given "to the opposite party in interest, his agent or attorney," etc. Code, §4059. The authority of the solicitor general *pro tem.* of the city court was derived from the act creating that court (Acts 1885, p. 471), in which it is provided "that the solicitor-general of the Macon judicial circuit shall prosecute for all offences cognizant before said city court of Macon, but in his absence from said court the judge shall have power to appoint a solicitor-general *pro tem.*" There is no provision, however, which extends to the superior court the functions of the solicitor-general *pro tem.* of the city court. His powers and duties relate only to the court appointing him. When the judge of the superior court sanctioned the *certiorari* and the writ was issued, it became a case in the superior court, and the duty of representing the State in that case devolved upon the solicitor-general of the circuit. Under the constitution, art. 6, sec. 11, par. 2, (Code, §5160), the solicitor-general of each judicial circuit is required " to represent the State in all cases in the superior courts of his circuit." There is no law which authorizes any other person to act in his place in the superior court, except where he is " absent or indisposed, or disqualified from interest or relationship," and then the authority to act must come from the judge of that court. (Code, §384.) Certainly, where there is no duty upon the solicitor-general *pro tem.* of the city court to represent the case in the superior court, a notice of the time and place of hearing, served upon him and not upon the officer who is charged with that duty, must be ineffectual. As bearing on this question, see *Hackney* v. *The State,*

15 *Ga.* 400; *McColers* v. *The State*, 74 *Ga.* 411; *Oliver* v. *The State*, 66 *Ga.* 243 ; *Mceks* v. *The State*, 87 *Ga.* 331.

*Judgment affirmed.*