## Moore v. The State.

Where a person, upon being found guilty of a misdemeanor by a jury in the county court of a given county, sued out a *certiorari* which was made returnable to a regular term of the superior court of that county, the case became a superior court case, and it was the duty of the solicitor-general of the circuit embracing that county to represent the State upon the trial of such case. Therefore, according to the principle announced by this court in *Butts* v. *The State*, 90 *Ga.* 450, it was essential that notice of the sanction of the writ of *certiorari*, and of the time and place of hearing, should be given to that officer instead of to the solicitor of the county court; and there was no error in dismissing the *certiorari* for want of such notice.

June 10, 1895.

*Certiorari.* Before Judge Gamble. Bulloch superior court. April term, 1895.

H. B. STRANGE and J. A. BRANNEN, for plaintiff in error. B. D. EVANS, Jr., solicitor-general, by FELDER & DAVIS, *contra.*

LUMPKIN, Justice.

Under sections 302 and 303 of the code, a writ of *certiorari* from a conviction in a county court is not necessarily returnable to a regular term of the superior court, but the superior court judge may require the county judge to certify and send up to the former a complete history of the case, and the *certiorari* may then be heard and determined at any time after ten days' notice to the accuser. It can hardly be doubted, however, that the judge of the superior court has the right to make the *certiorari* returnable to a regular term of the superior court, if he sees proper to do so; and this, we understand, is the usual practice observed in such cases. At any rate, this seems to have been done in the present instance. We therefore think the *certiorari* became a regular superior court case. It was undoubtedly a criminal case to which the State was a party. This being so, it was, under the constitution (Code, §5160), the duty of the solicitor-general of the circuit to represent the State upon the trial of the case in the superior court. Therefore, according to the principle announced by this court in *Butts* v. *State*, 90 *Ga.* 450, he should have had notice of the sanction of the *certiorari* and of the time and place of hearing; and the notice as to these matters which was served upon the solicitor of the county court was ineffectual.

We are not now called upon to decide whether or not notice to the accuser would have been sufficient had the *certiorari* been made returnable before the judge of the superior court in vacation.        *Judgment affirmed.*