CULBRETH *v.* THE STATE.   MILLER *v.* THE STATE.

LITTLE, J.   Inasmuch as the solicitor-general is required by the constitution of this State to represent the State in all cases in the superior courts of his circuit, it follows that when a writ of certiorari has been sued out and sanctioned, to review the errors committed in a criminal case in a city court, the solicitor-general of the circuit in which the city having such court is located must be given notice of the sanction of such writ, because, after such sanction, the case is one pending in the superior court. *McElhannon v. State*, 112 *Ga.* 221, and cases cited.   There was no error in dismissing the certiorari for the want of such notice.

Judgments affirmed.   All the Justices concurring, except Lewis, J., absent.

Submitted April 22, — Decided April 24, 1902.

Certiorari.   Before Judge Estes.   Jackson superior court.   February 12, 1902.

*Shackelford & Shackelford*, for plaintiffs in error.
*C. H. Brand, solicitor-general*, and *R. L. J. Smith*, contra.

---

LACKEY *v.* THE STATE.

LITTLE, J.   Apparently the verdict which was rendered was not in accord with the weight of the evidence ; yet, as the evidence of the party injured was of itself sufficient to support the verdict, and the presiding judge, by refusing to grant a new trial, approved it, the Supreme Court will not disturb it, in the absence of any error in the rulings made on the trial.

Judgment affirmed.   All the Justices concurring, except Lewis, J., absent.

Submitted April 22, — Decided April 24, 1902.

Indictment for assault with intent to murder.   Before Judge Henry.   Floyd superior court.   March 24, 1902.

*H. F. Sharp* and *R. L. Chamlee*, for plaintiffs in error.
*Moses Wright, solicitor-general*, contra.