## SOUTHERN RAILWAY COMPANY *v.* CARR.

Failure to give written notice of the sanction of a petition for certiorari within the time prescribed by the Civil Code, § 4644, can not be excused on the ground of "unavoidable cause," when it appears that counsel for the plaintiff in certiorari took no steps towards serving notice for three months after the writ issued, and, though sick during the next thirty days, recovered his health a week before the beginning of the term of court to which the writ was returnable, but made no effort to perfect service until the seventeenth day of that term.

Argued June 30,—Decided August 11, 1903.

Certiorari. Before Judge Lumpkin. Fulton superior court. October 20, 1902.

*Dorsey, Brewster & Howell, Arthur Heyman, P. H. Brewster Jr.,* and *J. H. Leavitt,* for plaintiff in error.

*Harvey Hill* and *Arnold & Arnold,* contra.

FISH, P. J.    This suit originated in a justice's court, and resulted in favor of Mrs. Carr.    The railway company sued out a certiorari to the superior court of Fulton county.    On the call of the case in that court, on October 20, 1902, counsel for Mrs. Carr "moved to dismiss said certiorari, on the ground that service of notice of the sanction of [the] petition for certiorari and of the issuance of the writ thereon had not been served on" her within the time prescribed by law.    Counsel for the railway company thereupon "stated in his place that the reason why said service had not been made ten days before the beginning of" the term of court to which the writ was returnable was that "he was sole counsel in said case, and that from July 25th to August 24th he had been too ill to attend to any business whatever."    In support of this statement, counsel offered in evidence the certificate of his physician, who therein stated he had attended counsel daily during the entire period of his illness, and that "during that time he was unable to attend to any business."    The petition for certiorari had been sanctioned on April 18, and the writ was returnable to the September term, 1902, of the superior court, which convened on the 1st day of that month.    Notice of the sanction of the petition was not given to Mrs. Carr until the 17th day of September.    In passing upon the motion to dismiss, his honor ruled that "the statement of counsel and the evidence of the physician were sufficient to excuse the failure to make service from July 25th to August 24th," but that "counsel should have seen that service was perfected between the time of sanction and July 25th, the time when counsel was taken sick, or at least before it was made."    The motion to dismiss was accordingly sustained, and the railway company excepted "on the ground that, under the evidence submitted to the court, the failure to serve notice as required by law was due to unavoidable cause."

The Civil Code, § 4644, provides that "The plaintiff in certiorari shall cause written notice to be given to the opposite party in interest, his agent or attorney, of the sanction of the writ of certiorari, and also the time and place of hearing, at least ten days before the sitting of the court to which the same shall be returnable, and in default of such notice (unless prevented by unavoidable

cause) the certiorari shall be dismissed." It is to be observed that failure to comply with this imperative mandate must inevitably result in a dismissal, unless such failure was solely the result of "unavoidable cause"—not "excusable neglect" on the part of counsel, or any cause likely to occur from mere inaction on his part which he might have foreseen and guarded against by the exercise of ordinary diligence. We do not feel at liberty to give to the phrase just quoted a meaning differing from that it is ordinarily intended to convey. If the above-cited section of the code really means what it plainly says, then the judge of the court below rightly held that no unavoidable cause was shown to have existed save between the date when counsel for the railway company was taken sick and the date on which he was able to again attend to his professional duties. From the 18th of April, on which day the petition was sanctioned, till the day counsel became too ill to look after the interests of his client, was a period of over three months. During that period, no steps whatever were taken to comply with the requirements of the law as to giving notice, and there is no pretense that any cause, unavoidable or otherwise, was responsible for the failure of counsel to give the required notice prior to the date of his illness, which, though doubtless wholly unexpected, might have been foreseen as possible to occur at any time. Even upon the assumption that excusable neglect, rather than "unavoidable cause," was in the contemplation of our lawmakers when the provisions of this section were adopted and made a part of our statutory law, we are of the opinion that the judgment of the court below should be affirmed. Pure neglect for a period of over three months can seldom, if ever, be regarded as excusable. Furthermore, excusable neglect calls for prompt atonement. No bona fide effort to atone appears to have been made in the present case. Counsel might, after his health was restored, have given a week's notice prior to "the sitting of the court" on September 1st. In point of fact, he waited till the 17th day of the September term before he made any attempt to cure his omission to observe the requirement of the law with regard to perfecting service on the "opposite party in interest, . . at least ten days before the" first day of that term of court.

It is but fair to assume that if our General Assembly intended that excusable neglect should in any case avail a party whose coun-

sel omitted to give the required notice, it was not contemplated that one who failed to take prompt measures to atone for his omission in this respect should have any standing in court. In no view of the case now before us would the trial judge have been warranted in overruling the motion to dismiss.

*Judgment affirmed. By five Justices.*