GLENN *v.* THE STATE.    GILBERT *v.* THE STATE.

1. Whether the certiorari in this case from the county court be treated as pending in the superior court, or before the judge in vacation, it was properly dismissed, it appearing that neither the solicitor-general nor the county-court solicitor nor the accuser had been served.
2. Where on motion of the petitioner in certiorari the judge, under the provisions of the Civil Code, §§ 4323, 4324, continued the hearing to January 28, for the purpose of allowing the petitioner to serve the solicitor-general, the court on that day, though in vacation, had authority without written order to continue the hearing to January 30.
3. Where the petitioner had notice of the continuance, and appeared on January 30, the court, having jurisdiction of the case, properly dismissed the writ for want of service upon the solicitor-general.

Submitted March 20, — Decided March 25, 1905.

Certiorari.    Before Judge Littlejohn.    Stewart superior court. January 30, 1905.

At chambers, January 2, 1905, Judge Littlejohn, of the Southwestern circuit, sanctioned a petition for certiorari, and ordered the writ to issue, returnable before him on January 14.    On January 4, the writ did issue, requiring the judge of the county court to certify the proceeding to the April term of the superior court of Stewart county.    On January 5, it was served upon the judge of the county court.    He promptly answered; and on January 14, as appears by a note of the judge to the bill of exceptions, counsel for the petitioner moved for a continuance for the purpose of having the solicitor-general served.    Thereupon the judge passed the following order:    "The above case having been set for hearing before me at Americus, Ga., on this Jan. 14, 1905, upon application of movant's counsel the same is hereby continued and set for hearing in Americus, Ga., Jan. 28, 1905."    It further appears, that there was a heavy chambers docket for January 28, and on January 26 the court directed the sheriff to notify counsel for the plaintiff in error that the cause would be heard on the

30th.    Counsel for the plaintiff in error did not appear on the 28th, but did appear on the 30th, and made no objection to the trial until the solicitor-general moved to dismiss on the ground that there had been no service upon him as required by law. Counsel for the plaintiff in error stated that if the solicitor-general insisted on that motion, he would protest against the case being tried, for the reason that there was no written order continuing the case from January 28 to January 30 ; that no counsel had appeared before the judge on the 28th, and the court on its own motion and without a written order had assigned it for a hearing on January 30, and without notice to the plaintiff in error ; and that for this reason the court was without jurisdiction. The court overruled these objections, and dismissed the petition. The plaintiffs in error sued out the present bills of exceptions, the facts in each case being the same.

  *B. F. Harrell* and *G. Y. Harrell,* for plaintiffs in error.
  *F. A. Hooper,* solicitor-general, and *Graham Forrester,* contra.

  LAMAR, J.    (After stating the foregoing facts.)    The plaintiff in error, having been convicted of a misdemeanor in the county court, applied for a writ of certiorari.    The judge sanctioned the petition and required the answer to be made before him on January 14, 1905.    A formal writ was issued by the clerk, returnable to the April term of Stewart superior court.    On January 14, the case was called by the judge, and, on motion of the petitioner, was continued until January 28.    It was again continued by the judge, on his motion, until January 30.    It was then dismissed because the solicitor-general had not been served as required by law.    The plaintiff in error contends that this was a case to be heard in vacation, and was not one pending in the superior court, and therefore it was not necessary to serve the solicitor-general. Civil Code, § 5862.    In support of this contention he cites *Allen* v. *State,* 51 *Ga.* 264.    From an examination of that case it will be seen that the opinion nowhere discusses the point here involved, though from a note it appears that the matter had been passed on by the court.    Inasmuch as jurisdiction to correct errors by writ of certiorari is in the superior court (Civil Code, § 5846), and not in the judge as a special tribunal, I am personally of the opinion that all such cases are to be treated as pend-

ing in the superior court, whether the writ has been made returnable in term or in vacation. And while a distinction seems to have been recognized in *Allen* v. *State*, supra, and in *McElhannon* v. *State*, 112 *Ga.* 221, the judge here properly held that this case should be dismissed. If it should be treated as a case pending in the superior court, the solicitor-general was not served, and the dismissal was proper under *Moore* v. *State*, 96 *Ga.* 309; *Culbreth* v. *State*, 115 *Ga.* 242; *Butts* v. *State*, 90 *Ga.* 450. If it is not a superior-court case, then neither the accuser nor the solicitor of the county court was served (Penal Code, § 767; Civil Code, § 4644), and the case was for that reason properly dismissed.

2. But the plaintiff in error insists that under the provisions of the Civil Code, § 4324, the court had no jurisdiction, since there was no written order continuing the case from January 28 to January 30. He contends, therefore, that on January 30 the judge had no jurisdiction to hear or determine the case or to make any order in reference thereto, but by operation of law the matter went over to the April term of Stewart superior court. This argument ignores the great and radical changes made by act of 1895, Civil Code, §§ 4323, 4324. For most purposes, where a jury is not required, that statute vests in the judge during vacation the same powers which he could exercise in term. See Civil Code, §§ 4864, 4855. Parties are bound to take notice of the regular and adjourned sessions of the court, and therefore are not entitled to special notice as to the time when their cases may be called. But as the hearing under Civil Code, §§ 4323, 4324, is not at a fixed time and place, they are not bound to know when it will be had, and for that reason the ten days notice or waiver is essential to complete the jurisdiction in vacation. The purpose of the statute was not only to serve the convenience of parties but to enable the judge, if necessary, to devote all of his time during term to the hearing of jury business. The statute clothes him with the power to hear in vacation without an order taken in term. On his own motion he may properly exercise the power and set the case to be heard in vacation. It may also be done on the application of a party. But in either event there must be ten days notice, so as to fully and completely vest the judge with the same plenary authority over the case that he would have had in

term time.  But after the jurisdiction has thus been completely acquired, he may continue the hearing from. day to day, or from time to time; in each instance, of course, giving reasonable notice and fair opportunity to all the litigants, so that they may be present to exercise their right of being heard.   The rule may be different where the hearing is by virtue of a term order under the Civil Code, § 5485 (*Napier* v. *Heilker*, 115 *Ga.* 168; *A., K. & N. Ry. Co.* v. *Strickland*, 114 *Ga.* 998; *Wood* v. *Wiley Co.*, 117 *Ga.* 517), for there. the jurisdiction arises only by virtue of the order. Under the statute the judge had jurisdiction to set the case for January 28.   He had like jurisdiction to continue the hearing until January 30.   The plaintiff in error had notice of the continuance to that date.   His counsel was present to represent him. When the hearing began, the court had the same jurisdiction as it would have had in term.   In dismissing the writ the judge followed the law; and his judgment is

*Affirmed.   All the Justices concur.*