### ANTHONY *v.* THE STATE.

EVANS, J. 1. As was expressly ruled in *Vinson* v. *State*, 124 *Ga.* 19, "A minor who has arrived at the age of criminal responsibility may be convicted, under the act of 1903, of the fraudulent practices made penal by that act, although a contract of service made by him may not be civilly enforceable."

2. While proof that the minor left the service of his employer in obedience to parental authority will suffice to rebut all presumption of fraudulent intent (*Howard* v. *State*, ante, 538), yet the bare fact that the minor told his employer that he had yielded to the command of a stranger to go to work for him can afford the minor no excuse, in the absence of a satisfactory showing that he did so under fear or duress, rather than voluntarily and with the purpose of defrauding his employer in accordance with a previously formed intent.

3. The evidence in the present case was such as to authorize the conviction of the accused, even upon the assumption that he was a minor; which is not made to appear in the record otherwise than inferentially

*Judgment affirmed. All the Justices concur.*

Submitted October 17,—Decided November 9, 1906.

Accusation of cheating and swindling. Before Judge Bush. City court of Miller county. August 13, 1906.

*W. I. Geer,* by *Z. D. Harrison,* for plaintiff in error.

*N. L. Stapleton, solicitor,* contra.