### 235. HEYWOOD *v.* THE STATE.

This case is controlled by the decision of this court in *Mulkey* v. *State,* ante, 521.

Accusation of cheating, etc., from city court of Camilla—Judge Scaife. December 22, 1906.

Submitted March 20,—Decided March 28, 1907.

*Ernest M. Davis,* for plaintiff in error.

*Sam. S. Bennet, solicitor,* contra.

HILL, C. J. The plaintiff in error was tried in the city court of Camilla, on an accusation charging him with violating the act of 1903 (Acts 1903, p. 90). He was convicted, and made a motion

for a new trial, which was overruled.   The evidence against the defendant was substantially as follows:  The defendant, a negro boy, came to the prosecutor's farm about November 23, and told him that he had run away from his mother, and asked for a job. The prosecutor made a contract with the boy to work for him at $6.50 per month and his rations, from November 23 until Christmas, and then for a term of six months from January, 1906, as a farm laborer.   He did so work during the remainder of November and December, until just before Christmas.   Just before the Christmas holidays, he asked the prosecutor for twenty cents; the prosecutor let him have it, and he went back to his mother and did not return.   The prosecutor paid him in money and advanced him merchandise during the time he was working under the contract, "something like $6.50;" and when the defendant left, he owed the prosecutor, on this account, $1.55.   Soon after the boy left the prosecutor's, his mother's employer, from whose place the boy had run away, told the prosecutor that the boy had come back home, and had told him that he owed the prosecutor a small amount, and had asked him to pay it for him.   This he offered to do, but the prosecutor refused to accept it unless he was also paid $10 damages. This demand being properly declined, the prosecutor instituted his prosecution.

These facts not only failed to make out a case of guilt, but show a most inexcusable abuse of the statute.   The debt of $1.55, even if contracted fraudulently, was tendered to the prosecutor by the defendant, through his other employer.   This fact showed the defendant's want of criminal intent; and the refusal of the prosecutor to accept it, and his remarkable demand for $10 on account of some unexplained claim for damages, furnished a well founded belief that he was not only using the criminal law to collect a debt, but also to force the payment of an unjust demand.   The judgment refusing a new trial is                                    *Reversed.*