### 436. JOHNSON *v.* THE STATE.

1. Failure to serve the solicitor-general with a notice of the sanction of a petition for certiorari in a criminal case within the time prescribed by law, except in case of "unavoidable cause" preventing such service, is ground for dismissal.
2. Where several months elapse between the date of the death of counsel for the plaintiff in certiorari and the expiration of the time within which the notice could regularly have been given, such death will not be considered as unavoidable cause.

Certiorari, from Quitman superior court—Judge Worrill. March 14, 1907.

Submitted May 27,—Decided June 20, 1907.

*Raines & Gurr,* for plaintiff in error. *J. A. Laing, solicitor-general, R. R. Arnold, J. B. Ridley,* contra.

POWELL, J. The accused was convicted of the offense of cheating and swindling under the act of 1903. Ga. Laws 1903, p. 90. Under decisions of this court and of the Supreme Court, he was not guilty, because he was a minor and was prevented from performing his contract by parental authority. See *Heywood* v. *State,*

1 *Ga. App.* 530, 57 S. E. 1025; *Mulkey* v. *State,* 1 *Ga. App.* 521, 57 S. E. 1022; *Patterson* v. *State,* 1 *Ga. App.* 782, 58 S. E. 284; *Howard* v. *State,* 126 *Ga.* 538, 55 S. E. 239; *Anthony* v. *State,* 126 *Ga.* 632, 55 S. E. 479 (2). We regret, therefore, that the result of our judgment herein must be to leave in force the punishment imposed. However, we can not look to the merits when they have not been presented in the manner prescribed by the statutes. In criminal matters, we have no extraordinary or equitable jurisdiction, whereby we may relieve an innocent defendant who, through his negligence, has been caught in the meshes of legal technicalities. Chancery jurisdiction in criminal cases, if this figure of speech be allowable, is conferred upon the Governor and the prison commission, and not upon the courts.

The judge of the superior court dismissed the certiorari brought by the accused to set aside the illegal conviction, and this judgment we must affirm. The conviction was had in the county court, petition for certiorari was duly presented, sanctioned and filed, and the writ was issued and answered. Upon the call of the case on the certiorari docket, the solicitor-general moved to dismiss, because the notice of the sanction and of the time and place of hearing, required by Civil Code, §4644, had not been given. It was shown to the court that in August, 1906, soon after the sanction of the certiorari, counsel for the applicant became ill and died. The writ was returnable to the March term, 1907, and at that term the present counsel were employed. They could not say whether the notice had been given or not. The solicitor-general stated that he had no recollection of ever having received the notice.

The burden of showing service of the notice was upon the plaintiff in certiorari; and the showing made did not establish the fact. *Jones* v. *Gill,* 121 *Ga.* 93, 48 S. E. 688. Failure of service, unless prevented by providential cause, is fatal. See *Butts* v. *State,* 90 *Ga.* 450, 16 S. E. 96; *Moore* v. *State,* 96 *Ga.* 309, 22 S. E. 960; *McElhannon* v. *State,* 112 *Ga.* 221, 37 S. E. 402. The statute says that "in default of such notice (unless prevented by unavoidable cause) the certiorari shall be dismissed." "Unavoidable cause" means more than "excusable negligence," and relieves against the default only when prompt measures are thereafter taken. *Southern Railway Co.* v. *Carr,* 118 *Ga.* 355, 45 S. E. 409. Sickness or death of counsel for the applicant are primarily to be

classed as unavoidable cause; so, also, would be the death or absence of the solicitor-general in a criminal case; but the service must be prevented by this cause, and not by the applicant's neglect to take prompt measures after such cause has been ascertained and can be relieved against. In this case counsel for the applicant died in August or September, 1906. The time for service did not expire until March, 1907. Hence the failure to serve must be attributed to negligence, and not to unavoidable cause.

*Judgment affirmed.*