### 4692.  PERRY v. THE STATE.

HILL, C. J.  Where a motion for a new trial is filed during the term, and an order entered setting down the hearing of the motion for a named day in vacation, that day, relatively to the hearing of the motion, is, in legal contemplation, a continuance of the term at which the order was entered. When that day arrives, the court has jurisdiction to hear the motion, or to continue it to any other day by express order. If not so heard or reset, the motion goes over to the next term of the court. Where no term order is taken, jurisdiction over the motion is derived from the statute. Sections 4852 and 4853 of the Civil Code of 1910 confer the power to hear the motion in vacation when either party makes application for a hearing and gives the opposite party ten days written notice of the time and place of hearing. In this case there was a term order setting the hearing of the motion for a day in vacation. There was no compliance with the code sections, supra, but the judge, of his own motion, before the day at which the hearing of the motion was set had arrived, reset the hearing of the motion at an earlier day in vacation; on which day, the movant not appearing, he dismissed the motion for want of prosecution. This was error. *A., K. & N. Ry. Co.* v. *Strickland*, 114 *Ga.* 998 (41 S. E. 501); *Glenn* v. *State*, 122 *Ga.* 593 (50 S. E. 371); *Napier* v. *Heilker*, 115 *Ga.* 168 (41 S. E. 689); *Miller* v. *Thigpen*, 121 *Ga.* 475 (49 S. E. 286); *Lott* v. *Wood*, 135 *Ga.* 821 (70 S. E. 661), and citations. The motion for a new trial should be reinstated, to be dealt with by the judge when called in its order during the term.                                   *Judgment reversed.*

DECIDED APRIL 2, 1913.

Indictment for cheating and swindling; from Toombs superior court—Judge Rawlings. December 21, 1912.

*H. H. Elders*, for plaintiff in error.

*R. Lee Moore, solicitor-general*, contra.