nesses, the testimony of the clerk, which was readily accessible, would quickly have developed the fact that the defendant, in using the word "summoned," was referring to an ineffectual oral invitation, extended by himself to the witnesses, to come to court, rather than to the written summons or subpœna to which, primarily, he must be assumed to have referred. The court erred in overruling the motion for a continuance.

*Judgment reversed.*

---

### 4693. BROWDER *v.* THE STATE.

RUSSELL, J. The decision in this case is controlled by the ruling of this court in the case of *Perry* v. *State*, ante, 573 (77 S. E. 879).

*Judgment reversed.*

DECIDED APRIL 16, 1913.

Motion for new trial; from Toombs superior court—Judge Rawlings. December 21, 1912.

*H. H. Elders,* for plaintiff in error.

*R. Lee Moore, solicitor-general,* contra.

---

### 4700. CANNON *v.* THE STATE.

1. To sustain a conviction of crime upon evidence which is wholly circumstantial, the proved facts must be so conclusive and convincing as to exclude every other reasonable supposition than that of the guilt of the accused.

(*a*) A conviction of burglary is not supported by proof that the accused sold a pair of shoes similar to shoes kept in the store alleged to have been burglarized, but which were not identified by any stock-mark or other peculiarity, and were of a kind sold by other dealers in the same vicinity, there being no other evidence tending to connect the accused with the burglary, except the fact that he afterwards left that locality, and at the time of his arrest, two years later, was in the State of Alabama.

2. The verdict finding the defendant guilty of burglary, being without evidence to support it, was contrary to law, and a new trial should have been granted.

DECIDED APRIL 16, 1913.

Indictment for burglary; from Bartow superior court—Judge Fite. December 16, 1912.