6164.   WALKER *v.* DISTRICT GRAND LODGE No. 18, etc., *et al.*

RUSSELL, C. J. 1. A plea in abatement is necessarily a proceeding in the cause to which it appertains,—a mere part and parcel of the action considered as a whole,—and not a proceeding separate and distinct from the main action. It is a defense interposed to stop the plaintiff's

action, but it is essentially a proceeding in the main cause. A plea in abatement can not be maintained where there is a purported entry of service and yet the defendant insists that he was never in fact served, unless there is a traverse of the return of service (*Citizens Bank* v. *Fort*, ante, 427); consequently, the determination of the merits of the traverse is a mere interlocutory matter, and exceptions to rulings in reference thereto may be included in a main bill of exceptions which excepts also to error alleged to have been committed in the trial of the case, after determination of the issue raised by the traverse.

2. The failure to give the written notice of the sanction of a certiorari, and of the time and place of hearing, as required by section 5190 of the Civil Code, is mandatory ground for dismissal of the certiorari; but the statutory notice may be waived in writing by the respondent in certiorari at any time prior to the hearing.          *Judgment affirmed.*

DECIDED JANUARY 20, 1915.

Certiorari; from Muscogee superior court—Judge Cox presiding. November 16, 1914.

*McCutchen & Bowden,* for plaintiff in error.

*C. P. Goree,* contra.