## 9561.  EASTERLING & ALEXANDER v. COLLINS.

Copies of the pleadings not being set out in the petition for certiorari or in the answer of the magistrate, and these being necessary to a determination of the assignment of error in the petition, the judge of the superior court did not err in dismissing the certiorari.

DECIDED MAY 14, 1918.

Certiorari; from Tattnall superior court—Judge Sheppard. December 1, 1917.

*Collins & Stanfield,* for plaintiffs.

*S. B. McCall,* for defendant.

HARWELL, J. The plaintiffs except to the dismissal of their petition for certiorari, and also to the refusal of the court to permit them at the hearing to amend the petition for certiorari. The bill of exceptions recites that the July term, 1917, of Tattnall superior court was held during the first and second weeks of October, 1917, and that the hearing of the certiorari was on October 10. When the certiorari came on for hearing the defendant moved to dismiss the proceedings, on the ground that the magistrate trying the case had failed to file his answer at the proper time, in that he had failed to file it on the first Monday in July, the regular time for holding the court, but filed it on the first Monday in October; and for the further reason that the petition for certiorari did not have attached thereto copies of the petition and answer in the original case, and that the magistrate did not attach copies of these proceedings to his answer. The plaintiffs offered to amend the petition for certiorari by attaching copies of the petition and answer. The defendant objected, and the court refused to allow the amendment.

The certiorari was filed on June 11, and the answer of the magistrate was filed on October 4, 1917. There was no merit in the motion to dismiss the certiorari upon the ground that the magistrate's answer was not filed on the first day of the term. *Sutton* v. *State,* 120 *Ga.* 865 (48 S. E. 342); *Harrison* v. *May,* 121 *Ga.* 816 (49 S. E. 728). The court did not err in refusing to permit the plaintiffs to amend the petition for certiorari at the hearing. *Hackett* v. *Tate,* 18 *Ga. App.* 453 (89 S. E. 535), and cases cited.

If the questions made in the petition for certiorari and verified by the answer can be determined without the proceedings in the

court below, the failure to certify and send up such proceedings will not be ground for dismissing the certiorari. *Peeples* v. *Tygart*, 6 *Ga. App.* 409 (2) (65 S. E. 167); *Sisk* v. *Anderson Phosphate & Oil Co.*, 9 *Ga. App.* 483 (71 S. E. 763). The petition for certiorari shows that this was a suit on an account by a firm. The verdict and judgment were in favor of the defendant. The petition sets forth the evidence in the case, and assigns error upon the ground that the verdict is contrary to the evidence. It is insisted by counsel for the plaintiffs that the defendant, Collins, in his plea attempted to set off against the account of the firm certain items which he claimed to have against Easterling, a member of the firm; and that, as he could not in law claim such a set-off against the firm's account, the verdict was not authorized by the evidence in the case. We have carefully read the evidence in the petition for certiorari, in order to determine whether the assignment of error that the verdict is contrary to the evidence can be decided without the petition and the defendant's answer, and we find that the petition and the answer are necessary to determine the question. They are necessary to an intelligent understanding of the evidence. The defendant testified, as the record shows, that he had overpaid the account and did not owe anything, and his testimony refers to a number of credits to which he claims that he is entitled. It is impossible to understand these claims of credits without having his answers before us. For these reasons the trial judge did not err in dismissing the certiorari.

*Judgment affirmed.* *Broyles, P. J., and Bloodworth, J., concur.*