### 23126. LYNN *v.* CRAPPS.

GUERRY, J. 1. The answer of the justice of the peace to the certiorari in this case was as follows: "Now comes H. B. Stone, J. P. 457th District, and for answer says that to the best of his recollection the petition and the allegations therein contained are true and correct. [Signed] H. B. Stone." This was a sufficient verification thereof. If the defendant in certiorari was dissatisfied with the answer, he should file written exceptions thereto, as provided in the Civil Code (1910), § 5196. *Peeples* v. *Tygart*, 6 *Ga. App.* 409 (65 S. E. 167).

2. The failure of the justice of the peace to send up copies of proceedings in his court when they are necessary to a determination of the cause is ground for dismissal of a certiorari (*Easterling* v. *Collins*, 22 *Ga. App.* 299, 95 S. E. 999); but a certiorari will not be dismissed because the magistrate fails to send up copies of the proceedings when the errors complained of in the petition as verified by the answer can be fully considered and determined without reference to such proceedings. *Sisk* v. *Anderson Phosphate & Oil Co.*, 9 *Ga. App.* 483 (71 S. E. 763).

3. "A petition for certiorari must allege error so specifically and distinctly that a reviewing court may understand the grounds of error relied on.

*Clements* v. *McCormick Harvesting Machine Co.*, 115 *Ga.* 851 (42 S. E. 222). Such a petition that avers "that said court erred in overruling the defendant's motions and in entering up judgment as aforesaid, all of which rulings and findings of said justice of the peace the petitioner assigns as error as being contrary to law and the evidence and without law or evidence to support them," sufficiently complies with this rule, the motions and judgment being clearly set forth in the petition. *Fish* v. *State*, 8 *Ga. App.* 398 (69 S. E. 37).

4. There is no merit in the other assignments of error. The general grounds having been abandoned by the plaintiff in error, the judgment of the superior court sustaining the certiorari and reversing the judgment of the lower court is therefore affirmed.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED OCTOBER 20, 1933.

*H. L. Williams,* for plaintiff.
*Highsmith & Highsmith,* for defendant.