31678.   SCOTT *v.* THE STATE.

DECIDED SEPTEMBER 13, 1947.

Raymond W. Martin, for plaintiff in error.

P. T. Hipp, Solicitor, L. M. Wyatt, Solicitor-General, contra.

TOWNSEND, J. (After stating the foregoing facts.) ▆ Rule 24, Exhibit "2-B," Report No. 2, General Procedure in Trial Courts, provides as follows: "Nothing in this section of these rules shall repeal or affect the mode of any *special statutory proceeding,* such as the foreclosure of liens and mortgages, proceedings to eject tenants and intruders, claims and illegalities, mandamus, quo warranto, prohibition, habeas corpus, establishment of lost papers, petitions to the judge of the superior court at chambers, nor *other special proceedings of like nature,* nor the fictitious forms of pleading in ejectments, nor change the existing law or procedure as to alimony or divorce cases." (Italics ours.)

Certiorari is a *special statutory proceeding,* and although not listed as one of the classes of cases constituting exceptions to the foregoing rule, it does fall within the exceptions as being one of *other special proceedings of like nature.*

Section 102-102, subparagraph 9 of the Code provides, as follows: "In all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy." One of the evils of the old law of civil procedure was that it was regarded as being too slow, and one of the purposes of the new law was to speed up civil actions. Should the rules changing civil procedure be construed to apply to certiorari actions, they would be slowed down rather than speeded up.

▆ ▆ Section 19-212 of the Code provides, as follows: "The plaintiff in certiorari shall cause written notice to be given to the opposite party in interest, his agent, or attorney, of the sanction of the writ of certiorari, and also the time and place of hearing, at least ten days before the sitting of the court to which the same shall be returnable, and in default of such notice (unless prevented by unavoidable cause) the certiorari shall be dismissed." The giving of this notice in writing has been held to be necessary, and failure to give it, unless prevented by unavoidable cause, or unless

waived, is fatal to the proceeding. *Glenn* v. *State,* 122 *Ga.* 593, *Moore* v. *State,* 96 *Ga.* 309, *Butts* v. *State,* 90 *Ga.* 450, *Johnson* v. *State,* 2 *Ga. App.* 181, *Culbreth* v. *State,* 115 *Ga.* 242, *McElhannon* v. *State,* 112 *Ga.* 221, *Hudson* v. *State,* 21 *Ga. App.* 506, · *Franke* v. *May,* 86 *Ga.* 659, *McGee* v. *Lowry National Bank,* 9 *Ga. App.* 668, and *Goldberg* v. *Atlanta,* 71 *Ga. App.* 269 (supra).

Service of notice may be acknowledged, but a mere acknowledgment of service does not estop the person making the acknowledgment from setting up that it was served too late. *Shearouse &c. Co.* v. *Morgan,* 111 *Ga.* 858 (supra). However, where by the same written instrument one acknowledges service and at the same time waives all service not acknowledged, one so waiving is estopped to move later for dismissal of the proceeding upon the ground that no notice has been given, even though such notice was waived at a time later than that required by statute. *King Bros.* v. *Turner,* 6 *Ga. App.* 495, *Walker* v. *Grand Lodge,* 15 *Ga. App.* 644, *New* v. *LeHardy,* 46 *Ga.* 616, and *Hamil* v. *Rigdon,* 60 *Ga. App.* 831 (3) (supra). In *Hamil* v. *Rigdon,* the language of the waiver of notice is very similar to that in the instant case. In *Walker* v. *Grand Lodge,* it is said that the waiver may be executed at any time before the hearing.

Many of the cases cited herein hold that, where certiorari is from an inferior court to a superior court in a criminal case, it becomes the duty of the solicitor-general to represent the State therein, and that he is the proper person upon whom such notice shall be served.

The trial court erred in dismissing the writ of certiorari.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*