### 18288. BOATRIGHT *v.* MOODY, Sheriff.

WYATT, Justice. Mrs. Isabell Boatright brought her petition for habeas corpus in the Court of Ordinary of Appling County, C. C. Harrison, Ordinary of Jeff Davis County, presiding for M. F. Moody, Ordinary of Appling County, who was disqualified by reason of his relationship to the defendant in said suit. A writ of habeas corpus was granted, and the petitioner was ordered released. The defendant in the habeas corpus action then filed his application for certiorari in the Superior Court of Appling County. At the call of the case, it appeared that C. C. Harrison, Ordinary of Jeff Davis County, had not been served with a copy of the petition to be heard, and the court ordered that he be served and that he file his answer by the March term of the Superior Court of Appling County. When the case came on for a hearing on March 14, 1953, the defendant in certiorari made a motion to dismiss on the ground that she had not been served with a written notice of the sanction of the writ of certiorari. The motion was denied, and the defendant excepted. The defendant then moved to dismiss the application on the ground that the ordinary did not send up the record with his answer and did not adopt the petition as being true and cor-

rect, and that the judgment could not be rendered in favor of the plaintiff in certiorari on the answer as filed without the records being sent up. After a hearing, the superior court rendered judgment sustaining the application for certiorari, reversing the lower court, and rendering judgment in favor of the applicant, and reversing the grant of the writ of habeas corpus. To this judgment the defendant excepted. *Held*:

1. The first question raised by the bill of exceptions in this case is whether or not the judgment denying the motion to dismiss on the ground that the defendant had not been served with a written notice of the sanction of the writ of certiorari was error. There appears in the record an acknowledgment of service and waiver of notice signed by the attorney of the defendant in certiorari. It follows there is no merit in this ground of the motion to dismiss. See *Walker* v. *District Grand Lodge No. 18,* 15 *Ga. App.* 644 (83 S. E. 1101), and *King Brothers Co.* v. *Turner,* 6 *Ga. App.* 495 (65 S. E. 321).

2. (*a*) The next ground of the motion to dismiss was that the ordinary failed to send up the record in his court with his answer. "The failure of the justice of the peace to send up copies of proceedings in his court when they are necessary to a determination of the cause is ground for dismissal of a certiorari . . . ; but a certiorari will not be dismissed because the magistrate fails to send up copies of the proceedings when the errors complained of in the petition as verified by the answer can be fully considered and determined without reference to such proceedings." *Lynn* v. *Crapps,* 47 *Ga. App.* 744 (171 S. E. 398), and cases there cited. In the instant case, the record is not necessary to a determination of the case for the reason that the application for certiorari as verified in the answer is sufficient.

(*b*) It is next contended that the application for certiorari should have been dismissed because the ordinary did not adopt the petition as being true and correct. The ordinary in his answer certified to the effect that all material allegations in the petition were correct and adopted as his answer the recital of facts appearing in the application. If the defendant in certiorari was dissatisfied with the answer, he should have filed written exceptions thereto as provided in Code § 19-302. See, in this connection, *Lynn* v. *Crapps,* supra. There is no merit in either of these grounds of the motion to dismiss the application for certiorari.

3. There is no merit in the general grounds of the motion for new trial. The evidence authorized a finding that the petitioner was released under the technical custody of the sheriff to allow her to try to borrow the money to pay her fine, and that, after several attempts, she finally returned to the custody of the sheriff and stated that she could not raise the money. There was no promise to pay the fine which was accepted by the sheriff, as in *Pridgen* v. *James,* 168 *Ga.* 770 (149 S. E. 48).

4. Other questions discussed in the briefs but not appearing in the record will not be considered.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., not participating.*

Argued July 13, 1953—Decided September 15, 1953—
Rehearing denied September 28, 1953.

*H. L. Causey, H. L. Williams,* for plaintiff in error.
*Peyton Miles,* contra.