### 38515. FIELDS v. ALBERT.

DECIDED OCTOBER 25, 1960.

*F. L. Breen,* for plaintiff in error.

*Sams & Sams, Edward S. Sams,* contra.

FELTON, Chief Judge. ■ Ga. L. 1925, pp. 370, 386, Sec. 2, provided that writ of certiorari would lie only to the final judgment of the Appellate Division of the Civil Court of Fulton County. The General Assembly in 1933 repealed section 2 of the 1925 act (Ga. L. 1933, pp. 290, 295). The 1933 act also included two new sections, 42-A and 42-B. Section 42-A of the 1933 act abolished the writ of certiorari as to any judgment, order or ruling of the Trial and Appellate Divisions of the Municipal Court of Atlanta. Section 42-B provided: "Be it further enacted . . . that should the provisions of section 42-A, of abolishing the writ of certiorari to the judgments, orders, and rulings of said court, be held unconstitutional . . . it shall not affect the provisions of the other sections of this Act; and in such an event, the provisions of this Act providing for the review of the judgments, orders, and rulings of the trial judges and the Appellate Division of said court by bills of exceptions to the Court of Appeals or the Supreme Court shall be cumulative and in addition to the right of certiorari." The intention of the legislature in 1933 is quite clear. Had it intended to reinstate the 1925 law pertaining to certiorari in the

event the 1933 law was found to be unconstitutional it could have so stated. Mere silence would have produced the same result. To the contrary, however, it expressly retained all portions of the 1933 act not later to be found unconstitutional.

The Supreme Court in *Aspironal Laboratories, Inc. v. Mallinckrodt Chemical Works,* 180 Ga. 544 (179 S. E. 709) held: "Section 42-A of the Act of 1933, p. 295, attempting to abolish the writ of certiorari as to cases arising in the Municipal Court of Atlanta, Fulton section, is unconstitutional and void." The effect of this ruling therefore was to revive the writ of certiorari from the Trial and the Appellate Divisions of the Municipal Court of Atlanta under the circumstances.

In *United States Casualty Co. v. Watkins,* 211 Ga. 619 (88 S. E. 2d 20), citing many cases, the court held that the attempted enactment of an unconstitutional amendment to an existing valid law does not affect the existing valid law, but leaves it in full force and effect unless the intention of the legislature to repeal the act is clear and unmistakable. The premise of this decision was that the court would not help create a legal vacuum when the legislature was not cognizant of constitutional limitation in the enactment of repealing legislation. This is not a factor in the case under review, for in the 1933 act the legislature foresaw the possibility that section 42-A could be declared unconstitutional and section 42-B was inserted as the means of maintaining the general law on questions of the right of certiorari and to show an intent that the 1925 law not be reinstated. Therefore, it follows that the repeal of section 2 of the 1925 act was accomplished by section 42-B of the 1933 act. The statement in section 42-B of the Acts of 1933 "shall be cumulative and in addition to the right of certiorari" does not in any way limit the right of certiorari and requires the conclusion that certiorari is available to the superior court from a judgment of the Civil Court of Fulton County in all cases, notwithstanding that no appeal is made to the appellate division. We cannot consider the case of *Loftin v. Southern Security Co.,* 36 Ga. App. 201 (136 S. E. 163) relied upon by the defendant in error, for the reason that it was decided in 1926 and was based on the 1925 act.

■ *Code* § 19-212 provides: "The plaintiff in certiorari shall cause written notice to be given to the opposite party in interest, his agent, or attorney, of the sanction of the writ of certiorari, and also the time and place of hearing, at least 10 days before the sitting of the court to which the same shall be returnable, and in default of such notice (unless prevented by unavoidable cause) the certiorari shall be dismissed." It is contended by the defendant in error that the Code section cited intends that notice be given within 10 days before the sitting of the court to which the certiorari is returnable. Counsel for the plaintiff in error in support of his contention that sufficient notice was given in a letter written by him to counsel for plaintiff and informing him that the original judgment was superseded by the petition and writ of certiorari on or about March 9, 1960, cites *Milam v. Sproull*, 36 Ga. 393. That case held that it was sufficient compliance to have given opposing counsel enough notice to enable him to prepare for defense. However, it has been held many times since that case that the failure to give ten days written notice of the sanction of writ of certiorari and also the time and place of hearing, unless waived or unless prevented by unavoidable cause, is fatal. *Scott v. State*, 75 Ga. App. 684 (44 S. E. 2d 391) and cases cited. Also, the expression "10 days before the sitting of the court to which the same shall be returnable" has been interpreted as meaning ten days before the convening of the regular term of court to which the certiorari is returnable. *Mathis v. Timmons, McWhite & Co.*, 18 Ga. App. 629 (89 S. E. 1097). The mere putting of counsel on notice that the writ of certiorari has been sanctioned will not suffice as a substitute for the notice required concerning the time and place of hearing. *Chaffin v. Chaffin*, 79 Ga. App. 258 (53 S. E. 2d 577) ; *Franke v. May*, 86 Ga. 659 (12 S. E. 1068).

The court did not err in dismissing the certiorari for the reason stated in division 2 of the opinion.

*Judgment affirmed. Nichols and Bell, JJ., concur.*