## 42822. CARTER v. GEORGIA REAL ESTATE COMMISSION.

FELTON, Chief Judge. "The mere putting of counsel on notice that the writ of certiorari has been sanctioned without stating 'the time and place of hearing' at least ten days before the sitting of the court to which the same shall be returnable does not meet the requirements of *Code* § 19-212." *Fields v. Albert,* 102 Ga. App. 632 (2) (117 SE2d 221). It not appearing that written notice of the time and place of hearing was waived or prevented by unavoidable cause, failure to give such notice was fatal. *Scott v. State,* 75 Ga. App. 684 (44 SE2d 391) and cit.; *Fields v. Albert,* supra, p. 635. Because of this defect, as well as others, the court did not err in dismissing the certiorari on the oral motion of the Georgia Real Estate Commission, to which the writ was directed, since the court had the power to dismiss the petition on its own motion for such a defect.

    *Judgment affirmed. Hall and Eberhardt, JJ., concur.*

ARGUED JUNE 5, 1967—DECIDED JUNE 23, 1967.

Thomas H. Carter, *in propria persona, Herschel H. Hutchins,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Assistant Attorney General, Hoke Smith,* for appellee.