THE CITY OF ATLANTA, plaintiff in error, *vs.* GRANT, ALEXANDER & COMPANY *et al.*, defendants in error.

(JACKSON, Judge, on account of relationship to some of the parties defendant, did not preside.)

1. A chartered railroad, with all rights and privileges that properly appertain to it as an instrument of transportation, (excluding of course, the franchise of the corporation to be a body politic) is property, subject to be applied to the payment of its just debts; and the whole may be sold for that purpose, in this state, under a judgment at law.

2. But the judgment, and the execution founded thereon, must be specially moulded, in substantial compliance with sections 3082, 3562, 3639 of the Code; if not in all cases, certainly in a case where the railroad, in pursuance of the charter, has been located and partially constructed in three counties.

3. A sale under an execution not thus moulded, about to be made by the sheriff, may be arrested by an affidavit of illegality interposed by the corporation, through its proper officers.

4. Such a sale, though consummated without legal resistance, would be void; and, consequently, the rights of other creditors, or of the stockholders, would not be lost. And if injunction, at the instance of one or more of these, could be granted at all, to prevent the intended sale, a necessary condition would be, that the executive officer of the corporation had been requested to interpose an affidavit of illegality, and had refused to do so; or that such request had been omitted for some sufficient reason.

5. The judgment from which the execution issued in the present case, is not void as a general judgment, whether the element of contractor's lien be sustainable or not; and it is amendable by superadding appropriate directions for making sale of the property, and for issuing a special execution in conformity.

The City of Atlanta *vs.* Grant, Alexander & Company.

6. The declaration is sufficient; and the clerical error in the date of filing, is amendable by the date of the process, fortified, as it is, by the return of service.

Railroads.  Corporations.  Levy and sale.  Executions. Illegality.  Injunction.  Judgments.  Amendment.  Lien. Before Judge PEEPLES.  Fulton county.  At Chambers. August 20th, 1876.

The City of Atlanta filed its bill against Grant, Alexander & Company, making, in brief, the following case:

Complainant is interested in the corporation known as the Western Railroad Company, either as a stockholder or creditor, to the amount of $300,000 00.  In the year 1854, said company was incorporated for the purpose of constructing a railroad from the city of Atlanta, through or near Villa Rica, or Carrollton, in Carroll county, and beyond, westwardly, to the Alabama line, and authority was granted to it to build the road, to equip, use and enjoy it, with all the rights, etc., granted to the Central Railroad and Banking Company.  The complainant subscribed to the stock of said Georgia Western Railroad to the amount of $300,000 00.  The road was located through the counties of Fulton, Cobb, and a part of the way through the county of Carroll.  The right of way was secured by deeds from the owners of lands over which the road was to run, and covered the fee simple title for railroad purposes.

On the 4th of May, 1872, a contract was entered into between the company and the defendants for the construction of the road from the city of Atlanta to the Alabama line.  By an act of the legislature, the company was authorized to construct the road on the right of way of the Western and Atlantic Railroad within, and adjacent to, the city of Atlanta, and to any distance east of the Chattahoochee river.  Said right of way is the property of the state, and the right to use the same was alone granted to the Georgia Western.  The defendants entered upon the work and prosecuted it until the early part of the year 1874, when it was suspended.  The road was constructed into Carroll county, but not to the state line.

On the 18th of April, 1874, the defendants filed, in the clerk's office of Fulton county, a claim of lien, as contractors, for their work and materials, on the grading, culverts and appurtenances of the road, and the premises or real estate on which it was erected, together with the depot grounds and all other real estate connected with the road or belonging to the company, including the right of way and the franchises thereof. The amount alleged to be due them was $40,699 87, besides interest. Similar claims of lien were filed in the clerks' offices of Cobb and Douglass counties on the 5th of May following. It does not appear from the papers when the work was completed. It is stated in the claim of lien that it was completed since the 1st of March, 1874, and in the declaration based thereon, it is averred that the indebtedness existed on the 16th of March, 1874. Complainant is informed and believes that there was no work done after the 1st of March, 1874. At the date of the contract, and at the dates of doing the work and furnishing the material, the law required the record of the claim to be made within thirty days after the completion of the work. This was not done. In any event, had the law been complied with, the lien could extend only to the railroad, and could not be rightfully extended to any of the other property described in the claim. As to the railroad itself, the description of it in the claim was too loose and indefinite, it being described only as commencing at the city of Atlanta, in said county of Fulton, and extending partly along the line of the Western and Atlantic Railroad, westwardly, through the counties of Fulton, Cobb and Douglass, toward the state of Alabama. On the 17th of September, 1874, a suit was commenced in Fulton superior court, by the defendants, for the enforcement of their supposed lien. The next term of the court was to convene on October 5th, which was less than twenty days from the filing of the petition. No process appears to have been subsequently issued in the cause. Attached to the petition there is what purports to be process, but it is dated July 17th, 1874. The company never appeared or made defense in the cause. On the 10th of April,

1875, a judgment was rendered by the court without the intervention of a jury. The amount of the debt was fixed, and it was further determined that the plaintiffs (Grant, Alexander & Company) had a lien, which was thereby foreclosed, on "the grading, culverts, and appurtenances of the Georgia Western Railroad, and the premises or real estate on which said railroad is erected or built, together with the depot grounds and all real estate connected with said road, including the right of way and franchises of the defendant."

This judgment was void, because the court, without the intervention of a jury, had no jurisdiction to determine the questions of fact involved except as to the amount of the debt. The law gave no such lien. The right of way was a fee simple title to lands, and the lands were nowhere described. The franchises of the company were not the subject of levy and sale. It did not appear when the debt became due, nor what the contract was. If the declaration was filed on September 17th, 1874, the judgment was rendered at the appearance term. No effort was made by any of the officers of the company to avert this judgment. Subsequently an execution issued in which the sheriff is commanded to seize the property according to the description in the judgment. On July 3d, 1875, a levy was made as follows:

"Levied the within *fi. fa.* upon one acre of land, more or less, in land lot seventy-eight, of the fourteenth district of Fulton county, lying and being in the first ward of the city of Atlanta, and bounded on the north by Simpson street, east by the right of way of the Western and Atlantic Railroad, south by Rock street, and west by Elliott street. Also, upon a lot containing three acres, more or less, lying and being in the first ward of the city of Atlanta, constituting a part of land lot seventy-eight, in the fourteenth district of Fulton county, and bounded north by Rock street, east by the right of way of the Western and Atlantic railroad, south by Thurmond street, and west by Elliott street, both of said lots in the possession of Georgia Western Railroad Company, and levied on as their property. Also, upon the franchises of the Geor-

gia Western Railroad Company; also, upon the right of way (having a width of two hundred feet,) and the grading, culverts and appurtenances and the premises or real estate upon which the Georgia Western Railroad is erected or built; which said railroad as graded commences at the city of Atlanta, in the county of Fulton, and extends partly along the line of the Western and Atlantic Railroad, westwardly, through Fulton and Cobb counties, into Douglass county, near and west of Douglassville; said right of way, grading, etc., in the possession of the Georgia Western Railroad Company, pointed out in the *fi. fa.* and levied on as the property of said Georgia Western Railroad Company."

The sheriff has advertised the property for sale at the court-house door in the county of Fulton, on the first Tuesday in March, 1876. The advertisement, in the description of the property proposed to be sold, follows the levy. The mere right to use and occupy the right of way of the Western and Atlantic Railroad, was granted to the Georgia Western Railroad Company, and cannot be sold. Much of the work for which defendants claim a lien was done upon such right of way. The lands lie in three different counties. The sheriff proposes selling them all at the court-house door of Fulton county. The franchises of the company cannot be sold by the sheriff. The company has other creditors besides defendants, who are unknown to complainant. If the defendants are allowed to make the sale as advertised, the property will necessarily be sacrificed. The complications surrounding it are so great that purchasers would be unwilling to bid or pay anything like the value of the property. The sale, if made, will cast a cloud upon the title, and will effectually defeat the entire enterprise.

The officers and managers of the company, who are trustees for the stockholders and creditors, are making no effort to prevent this unlawful sale. Unless interference should come from some other quarter, the sale will be made. The large interest, whether it be as a stockholder or a creditor, that this complainant has in the trust property and fund which are

about to be destroyed and lost, and the great public interests involved, entitle this complainant, as it respectfully insists, to be heard in reference thereto. All of the property levied on is essential to the enjoyment of the franchise of the company. The road cannot be constructed and used without this property.

Complainant prays as follows: That Grant, Alexander & Company, and A. M. Perkerson, sheriff of Fulton county, be made defendants to this bill, and that process issue for them; that the entire proceedings embraced in exhibit A be declared to be void; that the defendants be enjoined from making the contemplated sale, and from interfering with the property; that, if necessary, the creditors of the Georgia Western Railroad Company may make themselves parties; that the company itself be made a party; that the rights of all the creditors, embracing Grant, Alexander & Company, may be ascertained, and if a sale of the property be necessary, that it be made in such manner as may be best for all the parties in interest; and that other and general relief be granted.

Exhibit A embraced the claim of lien, the suit thereon, the judgment, execution, levy and advertisement. From this it appeared that the suit was filed September 17th, 1874, though the process was dated July 17th, 1874, and though the entry of service by the sheriff bore date July 23d, 1874. The declaration on the lien contained also a general count for the sum claimed as balance due on contract. The execution stated the sum for which the judgment was rendered to have been recovered by Grant, Alexander & Company, "by a general judgment and decree of foreclosure of lien."

The answer of the defendants, and the affidavits in support thereof, are omitted as immaterial here. It was satisfactorily shown that the date of the filing of the suit in office, as it appeared upon the original declaration, was a clerical error, and that such suit was in fact commenced early in July, 1874.

The chancellor refused the injunction, and the complainant excepted.

The City of Atlanta *vs.* Grant, Alexander & Company.

John L. Hopkins; W. T. Newman, for plaintiff in error.

Candler & Thomson; A. W. Hammond & Son, for defendants.

Bleckley, Judge.

The franchise to be a corporation is what constitutes an artificial person. That is breath or being, and not property. You cannot sell it, any more than you can sell the life of a man. But things, and the right to use things for profit, are property, whether in the hands of a corporation or of a natural person. A chartered railroad is property. The rights and privileges conferred by charter to use it as an instrument of transportation, are also property; for they adhere to it as accessories or incidents, and adds to its value. Indeed, they give it its chief value. Without them, the railroad, as such, would be almost, or quite, useless. To own it, would be like owning a horse, with no right to ride him, or drive him—no right to put him to labor. This would be owning materials, merely; the iron and timbers, the earth and masonry, of the railroad; or the hide and flesh and bones of the horse.

Whatever belongs to a corporation is subject to be applied to the payment of its debts. It has no exempt property. In this state, only the heads of families are entitled to withhold any of their assets from creditors. All other debtors must pay if they can. Their property, both legal and equitable, is all subject. What cannot be reached by strictly legal process, may be brought in by appealing to the powers of a court of equity, or to the equitable powers of a court of law. Under our peculiar system, the latter court may generally administer as ample relief as a court of equity; and such relief, we think, may be reached, in the present case, by amending the judgment. But, for the reasons indicated in the third and fourth headnotes, the denial of the injunction was proper.

Judgment affirmed.