PARKER-HENSEL ENGINEERING CO. *v.* SCHULER *et al.*

1. Where to the order of the court overruling a motion for a new trial, in a case in which a verdict and judgment were rendered for the plaintiff in a suit on account, the defendant filed a bill of exceptions, but failed "on or before filing the bill of exceptions" to pay all costs and give the bond required by the Civil Code, § 5552, or in lieu thereof to make the affidavit provided for in such section: *held,* that the payment of all costs and the filing of a bond several weeks after the bill of exceptions was filed would not cause a supersedeas to exist.

2. A provision in the rule nisi issued upon the motion for a new trial, that "It is hereby ordered that this order act as a supersedeas in said case until the further order of the court," did not have effect after the order of the court overruling the motion.

3. Where the defendant, without excuse, failed to obtain a supersedeas, and the plaintiff had execution issued upon such judgment and levied

upon the property of the defendant, the latter could not have a sale of the property enjoined because the plaintiff was a non-resident.

4. The court committed no error in refusing to grant an interlocutory injunction.

Submitted November 1,—Decided December 24, 1909.

Petition for injunction. Before Judge Parker. Glynn superior court. July 26, 1909.

*Ernest Dart,* for plaintiff. *R. D. Meader,* for defendants.

HOLDEN, J.   H. B. Schuler brought suit in the city court of Brunswick against the Parker-Hensel Engineering Company on an account, and obtained a verdict and judgment at the February term, 1909. The defendant made a motion for a new trial, and to the order of the court granted in May, 1909, overruling the same, filed a bill of exceptions in May, 1909, which carried the case for review to the Court of Appeals, where the same is now pending. In June, 1909, an execution was issued upon the judgment and levied upon the property of the Engineering Company, which filed an application for an injunction against the sheriff, Schuler, and his counsel, to restrain them from selling the property levied upon. To the order of the court refusing to grant an interlocutory injunction the company filed its exceptions, which give rise to the case now before us for review. It appears from the testimony in the case that the company did not, before or at the time the bill of exceptions was filed, pay the costs and give the bond, or file the affidavit, required by the Civil Code, §5552, in order to obtain a supersedeas. On June 10, 1909, the company gave to the deputy clerk of the city court of Brunswick a bond for the eventual condemnation-money, and requested him to approve and file the bond. The bond was never approved. On or about the 30th of June, 1909, the company paid to the clerk all of the costs in the case which had accrued in the city court of Brunswick, including the costs of transcribing and transmitting the record by the clerk. It further appeared on the trial of the case that Schuler was a non-resident, and the company contended that he was insolvent.

1. The Civil Code, §5552, provides: "The bill of exceptions thus filed shall operate as a supersedeas upon the plaintiff in error complying with the following terms: 1. In a civil cause the party shall, on or before filing the bill of exceptions, pay all costs, and by himself, his agent, or attorney in fact or at law, give bond with

good security, payable to the opposite party, and conditioned for the payment of the eventual condemnation-money and all subsequent costs, which bond shall be attested and approved by the said clerk. . . 3. Or he may file" with the clerk the pauper affidavit provided for in such section. The company did not at any time make the pauper affidavit referred to in such section. It did not, "on or before filing the bill of exceptions, pay all costs," or give the bond provided for in such section. It was several weeks after the bill of exceptions was filed before it paid the costs and gave the clerk a bond. There is no provision of law by virtue of which the filing of a bill of exceptions will operate as a supersedeas upon paying the costs and giving bond *after* its filing. In order for the payment of the costs and the giving of the required bond to operate as a supersedeas, the party filing such bill of exceptions "shall, on or before filing the bill of exceptions, pay all costs," and give the required bond. The failure to obtain the supersedeas as provided by the statute gives the opposite party the right to proceed to enforce his rights under the verdict and judgment in the court below, without regard to the pendency of the case in the higher court, subject to the chances of a reversal there. *Perkins* v. *Rowland,* 69 *Ga.* 661; *Cummings* v. *Clegg,* 82 *Ga.* 763 (9 S. E. 1042). See also, *Montgomery* v. *King,* 125 *Ga.* 388 (54 S. E. 135) ; *Nipper* v. *Nipper,* ante, 216 (65 S. E. 405).

2. In the rule nisi granted upon the motion for a new trial appears the following language: "It is hereby ordered that this order act as a supersedeas in said case until the further order of the court." The plaintiff contends that no order of the city court of Brunswick has been granted expressly revoking this order, and that the supersedeas is still in force, and that it was therefore improper to proceed with the fi. fa. The Civil Code, § 5476, provides: "A rule nisi for a new trial shall not operate as a supersedeas, unless so ordered by the court, in which case the court may demand bond and security for the eventual condemnation-money, when the exigency of the case requires it." It is true that in the order of the court upon the motion for a new trial it was stated that the order should act as a supersedeas in the case until the further order of the court, and that no order of the court has been granted expressly revoking this order granting the supersedeas; but we think the effect and meaning of this order was that it should operate as a

supersedeas only until the court should render a decision upon the motion for a new trial.    Whether the trial judge, when the motion for a new trial was made, or the bill of exceptions was filed, could grant a supersedeas in a case of this kind, to have effect after the bill of exceptions was filed, without the plaintiff in error complying with the provisions of the Civil Code, §5552, need not be considered.

. 3, 4.   If no supersedeas existed when the execution issued upon the judgment rendered in the city court was levied upon the land, no reason is shown why the sheriff should not proceed to sell the property levied upon.    The non-residency and insolvency of the plaintiff (if such insolvency exists) would afford no reason why he should not proceed to sell the property under the levy.    It is true that if Schuler proceeds with the fi. fa. he does so subject to the chances of a reversal, and for this reason counsel for the company contend that the property levied upon ought not to be permitted to be sold by Schuler, who is a non-resident and alleged to be insolvent. This situation giving Schuler the right to levy upon and sell the property, however, is brought about by the failure of the plaintiff in error to obtain a supersedeas, without any excuse or reason whatever being given therefor, and equity will not relieve it of the consequences of such neglect.    There is nothing in the record to show that the court committed error in refusing to grant the injunction.

The motion of the defendants in error, that 10 per cent. damages be awarded against the plaintiff in error, upon the ground "that the case was taken up for delay only," is denied.

*Judgment affirmed.    All the Justices concur.*