IVEY *v.* PAYNE.

HOLDEN, J. An owner of realty sold the same, took from the purchaser notes for the purchase-money, and gave the latter bond to make titles upon payment of the notes. The vendor brought suit on the notes to the July term, 1910, of the city court, and had issued against the purchaser a dispossessory warrant. Upon the petition of the purchaser for an injunction against the prosecution of the suit on the notes and the execution of the dispossessory warrant, against the vendor and the constable charged with the duty of executing the warrant, being presented to the presiding judge, a restraining order was granted on July 22, 1910, enjoining the execution of the warrant; but no restraining order was granted enjoining the prosecution of the suit on the notes. The petition and restraining order, which were filed on July 23, 1910, were served on the constable on July 23, 1910, and on the vendor on September 15, 1910. The dispossessory-warrant proceedings were dismissed. No defense was filed to the suit on the notes, and on September 6, 1910, a verdict therein was rendered and judgment entered thereon. A motion for a new trial, filed by the purchaser on September 13, 1910, was overruled September 24, 1910. To the order overruling the motion a bill of exceptions, certified October 13, 1910, was filed by the purchaser. No steps were taken to cause the filing of the bill of exceptions to operate as a supersedeas. On September 6, 1910, an execution was issued for the amount of the judgment, $1,135 principal, $279.80 interest, and $141 attorney's fees. This execution was levied upon the land on September 9, 1910, which was sold thereunder on the first Tuesday in October, 1910, and deeded by the sheriff to the vendor, who was the purchaser at the sheriff's sale. The original vendee amended her petition, and prayed for an injunction against her being evicted by the sheriff by reason of the sale by the latter to her vendor. *Held:*

1. The verdict and judgment rendered in the city court were not void, and the sale under a levy of the execution issued upon the judgment was not invalid because the verdict and judgment were rendered pending the application for an injunction to restrain the prosecution of the suit in which the verdict and judgment were rendered.

(a) This is true though the plaintiff in that suit may have known of the pendency of the application for injunction at the time the verdict and judgment were rendered.

(b) Even if the fact that the plaintiff was a member of the firm in whose behalf attorney's fees were recovered and embraced in the judgment would affect the right to a recovery of such fees (see *Vanduzer* v. *McMillan*, 37 *Ga.* 299, n. 3), this would not render the judgment and sale thereunder invalid. *Jones* v. *Findley*, 84 *Ga.* 52 (10 S. E. 541).

2. The provision in the rule nisi issued upon the motion for a new trial, that ".this order act as a supersedeas until the further order of the court," did not have effect as a supersedeas after the order of the court overruling the motion. *Parker-Hensel Engineering Co.* v. *Schuler*, 133 *Ga.* 696 (66 S. E. 800).

(a) Where an execution was issued and levied before the motion for a new trial was made and supersedeas granted pending its determination, the sale under such levy, made after the motion for a new trial was overruled, was not void because the publication of some of the advertisements thereof were made while the supersedeas was in force.

(b) The filing of a bill of exceptions to the order overruling the motion for a new trial did not serve to render the sale void, or furnish grounds upon which an injunction should have been granted, restraining the sheriff from placing the purchaser at the sheriff's sale in possession of the property sold.

3. The court committed no error in refusing the injunction.

　　　　　　　　　　　*Judgment affirmed.* *All the Justices concur.*
　　　　　　　　　　　　· June 23, 1911.

Petition for injunction. Before Judge Pendleton. Fulton superior court. November 21, 1910.

*J. S. James* and *Scott & Davis*, for plaintiff.

*Payne, Little & Jones* and *M. F. Goldstein*, for defendant.