### 4081. ATLANTA WOODENWARE CO. v. FRANKLIN & RIDLEY.

HILL, C. J.  While the statute requires in express terms that the plaintiff in certiorari shall cause written notice to be given to the opposite party, his agent or attorney, of the sanction of the writ of certiorari, and also of the time and place of hearing, at least ten days before the sitting of the court to which the same is returnable, and that in default of such notice, unless prevented by unavoidable cause, the certiorari shall be dismissed (Civil Code (1910), § 5190), and while it has been repeatedly ruled by the Supreme Court and this court that this mandatory requirement as to notice must be obeyed, or there must appear in the record a written waiver of this notice, or the certiorari will be dismissed (*McConnell* v. *Folsom,* 4 *Ga. App.* 535, and citations (61 S. E. 1051)), yet where it appears from the record that the defendant in certiorari filed exceptions to the answer of the magistrate, and that these exceptions were heard and overruled by the judge of the superior court, it is too late to raise the question of want of the statutory notice. The defendant in certiorari having actually appeared in the case in the superior court, and filed exceptions to the answer of the magistrate,

and having invoked a hearing on these exceptions, it would be trifling with the court for him subsequently to be allowed, when his exceptions had been overruled, to complain that he had not received the notice required by the statute.                *Judgment reversed.*

DECIDED JUNE 5, 1912.

Certiorari; from Pulaski superior court—Judge Martin.    February 15, 1912.

*Marion Turner,* for plaintiff.

*Herbert L. Grice, W. L. & Warren Grice,* for defendant.