*Wharton O. Wilson,* for defendant.

---

BITTICK & MAYS *v.* GEORGIA, FLORIDA & ALABAMA RAILWAY CO.

BECK, J. A common-law execution founded upon a judgment against the Georgia, Florida & Alabama Railway Company, a corporation operating a line of railway in Florida and Georgia, was levied upon certain realty as the property of the defendant railway company, described as "three houses and lots in the City of Colquitt, and containing three acres, more or less, and being part of lot of land No. 152 in the 13th District of Miller County, and bounded on the north and west by lands of J. S. Bush, on the east by G., F. & A. track, and on the south by street leading to Newton." As against this levy the defendant filed an affidavit of illegality embracing, among other grounds, the following: "That the three houses and lots levied upon by said sheriff are a part and parcel of the right of way of the said defendant railway company, and that the houses built and situated upon said right of way are section-houses wherein the hands of this defendant live and reside who work upon said railway track and keep the same in repair. That said houses are necessary to the operation of said railway company, and said houses are situated upon the right of way of said railway company. . . That said property, being situated upon and a part of the right of way of said railway company, can not be levied upon, segregated, and sold separate and apart from the franchise. That said defendant, the Georgia, Florida & Alabama Railway Company, is a railway corporation duly chartered, and under said charter and the laws is required to perform certain functions for the public, and in the performance of those functions it is essential and necessary that said company have the peaceful and uninterrupted use of its right of way and buildings used in the operation of said railway; and the levy thereon is illegal and void. That the levy and sale of said right of way and said houses would necessarily affect the operation of said railroad as a whole, and the same can not be taken and sold separate and apart from the whole. That said right of way is essential to the existence of said company and the performance of its duties to the public." *Held,* that the court properly refused to sustain a general demurrer to the affidavit of illegality and to dismiss the same. *City of Atlanta* v. *Grant,* 57 *Ga.* 340; *Farmers' Loan Co.* v. *Candler,* 87 *Ga.* 241 (13 S. E. 560); 33 Cyc. 555 et seq. See also Connor *v.* Tennessee Central Railway Co., 54 L. R. A. 687 (48 C. C. A. 730, 109 Fed. 931), and the authorities there cited.

*Judgment affirmed. All the Justices concur.*
JULY 24, 1914.

Illegality of execution.   Before Judge Worrill.   Miller superior court.   May 30, 1913.

*Persons & Persons* and *W. I. Geer,* for plaintiff.

*Bush & Stapleton, P. D. Rich, T. S. Hawes,* and *W. H. Krause,* for defendant.