## HARRIS *v.* ATLANTA NORTHERN RAILWAY COMPANY.

PER CURIAM.    1.    Under the Civil Code (1910), § 6165, in order for a bill of exceptions in a civil case to operate as a supersedeas to a judgment of the superior court sought to be reviewed by this court, the excepting party must, "on or before filing the bill of exceptions, pay all costs, *and*, by himself, his agent, or attorney in fact or at law, give" the statutory bond for the eventual condemnation-money. *Wheeler* v. *Wheeler*, 139 *Ga.* 608 (77 S. E. 817).

(*a*) It appearing in the present case that the requirement of the statute of the payment of all costs was not complied with "on or before filing the bill of exceptions," such bill of exceptions did not operate as a supersedeas to the judgment of the superior court sought to be reviewed, although the statutory bond was given to the clerk at the time.

(*b*) Under the evidence adduced on the interlocutory hearing, the court erred in granting the interlocutory injunction.

(*c*) Even if the plaintiff in error is insolvent, in a case of this character it would furnish no ground for injunction.

2. An affidavit of illegality being an available and adequate remedy at law to test the question of whether property of a railroad company is exempt from levy and sale because devoted to a public use, a court of equity will not for that reason enjoin the enforcement of an execution levied on the railroad property.   See *City of Atlanta* v. *Grant*, 57 *Ga.* 340; *Bittick & Mays* v. *Georgia &c. Ry. Co.*, 142 *Ga.* 159 (82 S. E. 541).

*Judgment reversed. All the Justices concur.*

FEBRUARY 19, 1916.

Injunction. Before Judge Patterson. Cobb superior court. March 18, 1915.

*N. A. Morris, George D. Anderson,* and *Fred Morris,* for plaintiff in error. *Colquitt & Conyers,* contra.