### 6703.  PEOPLES BANK OF OLIVER *v.* ASH.

WADE, C. J.  1.  Whether or not the written notice of the sanction of the certiorari or of the time and place of the hearing sufficiently complied with the requirements of the Civil Code, § 5190, "the defendant in certiorari having actually appeared in the case in the superior court, and filed exceptions to the answer of the magistrate, and having invoked a hearing on these exceptions, it would be trifling with the court for him subsequently to be allowed, when his exceptions had been overruled, to complain that he had not received the notice required by the statute." *Atlanta Woodenware Co.* v. *Franklin,* 11 *Ga. App.* 245 (75 S. E. 9). The exceptions to the answer of the judge of the city court in this case were in part sustained and in part overruled. It is questionable whether the notice of the time and place of hearing was sufficient, but, under the ruling in the above-cited case and the facts appearing in this record, it is immaterial whether the notice was defective or not.

2.  A motion for a new trial was made in the city court, and was dis-

missed by counsel for the movant. The dismissal of the motion, without more, necessarily carried with it a revocation of the supersedeas order included in the rule nisi issued by the judge of the city court, notwithstanding it was provided by that order that it should operate as a supersedeas until the further order of the court. It remained of force in behalf of and for the benefit of the movant only so long as the motion upon which it was based was pending. See, in this connection, *Parker-Hensel Engineering Co.* v. *Schuler*, 133 *Ga.* 696 (66 S. E. 800) ; *Ivey* v. *Payne*, 136 *Ga.* 519 (2), 520 (71 S. E. 886). If the overruling of a motion by the court would cancel such a supersedeas without a special order to that effect, the dismissal of the motion itself by the movant must necessarily accomplish the same result.

3. There was evidence from which the jury might have been authorized to infer that the bank (the apparent transferee for value, and before due, of the instrument sued upon) had knowledge, through its cashier, of the making of the alleged fraudulent misrepresentations and of their falsity, which induced the execution of the note, and with such knowledge made statements through him indorsing the untruthful representations. Whether the representations so made were in fact false and fraudulent was a question for determination by the jury. The trial court, therefore, erred in directing a verdict in favor of the plaintiff.

4. The judge of the superior court did not err in sustaining the certiorari and ordering a new trial.          *Judgment affirmed.*

DECIDED JUNE 28, 1916.

Certiorari; from Effingham superior court—Judge Sheppard. May 18, 1915.

*Garrard & Gazan, White & Lovett,* for plaintiff.

*Travis & Travis,* for defendant.