7572.    MATHIS *v.* TIMMONS, MCWHITE & COMPANY.

WADE, C. J.   The code provides that "The plaintiff in certiorari shall cause written notice to be given to the opposite party in interest, his agent, or attorney, of the sanction of the writ of certiorari, and also the time and place of hearing, at least ten days before the sitting of the court to which the same shall be returnable, and in default of such notice (unless prevented by unavoidable cause) the certiorari shall be dismissed." Civil Code (1910), § 5190. "Ten days before the sitting of the court to which the same shall be returnable" must be interpreted to mean ten days before the time fixed by law for the convening of the regular term of court to which the certiorari is made returnable. The notice in this case having been served less than ten days before the time fixed by law for the commencement of the regular term, and nothing further appearing from the record, the certiorari was properly dismissed. The statutory requirement is mandatory, and the entire proceeding is void unless such notice is given.

(*a*) It does not appear from the record before this court that the notice was waived in any way; as, for instance, by the filing of exceptions to the answer of the magistrate (as in *Peoples Bank* v. *Ash*, 18 *Ga. App.* 315, 89 S. E. 441, and *Atlanta Woodenware Co.* v. *Franklin*, 11 *Ga. App.* 245, 75 S. E. 9), and no suggestion as to a diminution of the record was made in conformity with Rule 7 of the Supreme Court and Rule 9 of this court, "when, or before, the case [was] called for argument."                                    *Judgment affirmed.*

DECIDED SEPTEMBER 21, 1916.

Certiorari; from Berrien superior court—Judge Thomas.   September term, 1914.

*Hendricks, Mills & Hendricks,* for plaintiff in error.

*J. H. Gary, J. A. Alexander,* contra.