CUMBERLAND FERTILIZER CO. *et al. v.* WILLIAMS.

Where a number of fi. fas. were levied upon certain property, to which claims were filed, and one of the claim cases was tried under an agreement between counsel that "all of the claims are to abide the decisions that may be rendered in the case" which was tried, and where the court directed a verdict for the plaintiff in fi. fa. on the trial of the case, and it was taken to the Court of Appeals by bill of exceptions, without payment of full costs, and without a supersedeas bond and order, it was error for the court to grant a temporary injunction preventing the plaintiff in fi. fa. and the levying constable from selling the property levied on pending the determination of the claim case in the Court of Appeals.
          OCTOBER 19, 1916.

Injunction. Before Judge Fite. Whitfield superior court. April 16, 1916.

*C. D. McCutchen* and *F. K. McCutchen,* for plaintiffs in error.

*W. C. Martin* and *W. E. Mann,* contra.

HILL, J. The petition in this case shows substantially as follows: The Cumberland Fertilizer Company obtained twenty-two judgments in a justice's court against J. T. Segars, and fi. fas. issued thereon were levied upon certain personal property as that of the defendant. W. L. Williams filed claims to the property in

all of the cases, which were appealed to the superior court. One of the claim cases was tried, and the court directed a verdict for the plaintiff. A motion for a new trial was made, which was overruled; and the case was taken by bill of exceptions to the Court of Appeals, and is still pending there. The remainder of the cases are pending in the trial court, by agreement of counsel, to await the decision of the case appealed, and are to be controlled by it. After the levy a forthcoming bond, with security, was given, but no supersedeas bond or order was taken. The constable who levied the fi. fas. is proceeding to sell the property, notwithstanding there has been no breach of the bond, nor has the case appealed terminated. The present suit is brought against the Cumberland Fertilizer Company and W. B. Slocum, constable, to enjoin and restrain them from proceeding to enforce the fi. fas. and to sell the property levied on.

At the appearance term of the court the plaintiff offered testimony tending to show that he filed the above-stated claims, and that he gave bonds in the claim cases, "and the agreement of counsel for all parties was that the whole stand in statu quo, or remain the same, until finally decided by the higher courts." The testimony of the defendants' witnesses tended to show that the claimant (Williams) had not filed with the clerk of the superior court any supersedeas bond, nor paid the full costs in the superior or justice's court, nor filed a pauper affidavit in lieu thereof. Also an affidavit of one of the attorneys for plaintiff in fi. fa. was offered, to the effect that "no such agreement was ever made between the counsel in this case as that embodied in the affidavit of" the claimant, W. L. Williams, but that the agreement was that one of the claim cases should be tried, "and the balance of them to abide the decisions in that case." The court, after reciting that it was "made to appear that there are twenty-two executions in favor of the plaintiff against the defendant, all of which have been levied upon the property in dispute, and in all of which cases the claimant has filed claims, and that only one of said claims has been tried by this court, and only one forthcoming bond given for the whole property, the agreement of counsel being that all of the claims are to abide the decisions that may be rendered in the case which has been tried," made an order enjoining the plaintiff from proceeding with the levy against the property. To this order the plaintiff in fi. fa. excepted.

The court erred in granting the restraining order. The full costs were not paid, and no supersedeas was granted at the time of taking the case to the Court of Appeals. There being no supersedeas, the plaintiff in fi. fa. had a right to proceed with the enforcement of his execution. *Parker-Hensel Engineering Co.* v. *Schuler,* 133 *Ga.* 696 (66 S. E. 800); *Harris* v. *Atlanta Northern Railway Co.,* 144 *Ga.* 701 (87 S. E. 1041). His so proceeding would, of course, be subject to the chances of a reversal of the case pending in the Court of Appeals. *Perkins* v. *Rowland,* 69 *Ga.* 661. The agreement of counsel was found by the court and recited in his order to be that "all of the claims are to abide the decisions that may be rendered in the case" which was tried. The legal result would be that in the event of an affirmance of the judgment in that case by the higher court the property levied on would be held subject in all of the claim cases. In the event of a reversal the judgment rendered would govern not only the case decided, but the remaining claim cases also. But the agreement was not such as to estop the plaintiff in fi. fa. from proceeding, as far as it could legally do so, with the prosecution of the case until it had been finally terminated, and, there being no supersedeas, this included the right to proceed with the enforcement of the execution, subject, as stated above, to the chances and the legal results of a reversal.

*Judgment reversed. All the Justices concur.*