GEORGIA POWER COMPANY *v.* CITY OF DECATUR.

No. 8367. August 15, 1931.

The Justices of this court (other than Presiding Justice Beck) being disqualified, Judges Eve, Gardner, Moseley, and Searcy were designated for this case.

*Colquitt, Parker, Troutman & Arkwright* and *Hugh Burgess,* for plaintiff in error.

*Branch & Howard, Bond Almand,* and *Robert Ramspeck,* contra.

Eve, J. This case arose by virtue of a claim filed by the Georgia Power Company to certain property levied on under a special paving execution or special fi. fa. issued by the City of Decatur against the Georgia Railway and Power Company. The execution was levied upon a substation located in the City of Decatur about one half mile from the street paved. The substation is operated for the purpose of reducing electrical energy from a high to a low voltage, which is finally reduced by transformers located in different parts of Decatur, and throughout the electric distribution system in the City of Decatur, to voltage suitable for use by light and power customers of the company and to voltage used in the operation of its street railway lines. This case, that of City of Decatur v.

Georgia Railway and Power Company, Georgia Power Company, claimant, came on for hearing before the superior court of DeKalb County on the 6th day of March, 1931; and on that date the presiding judge then and there directed a verdict finding the property subject; and the case is now before us. In practically its present form this case came before this court on a previous occasion. See *Georgia Power Co.* v. *City of Decatur,* 170 *Ga.* 699 (154 S. E. 268). The judgment of the trial court was reversed for the reason and on the ground stated in the opinion. Defendant in error contends that "the former decision of this court reported in 170 *Ga.* 699, demands the affirmance of the judgment of the trial court." It is therefore necessary that we consider briefly the form of the judgment of concurrence and the facts in connection with its rendition. Judges Wood, Gardner, Persons, Graham, and Eve, as a result of disqualification on the part of Justices of the Supreme Court, were called to preside in this case. Judge Wood disqualified before final hearing, and did not participate in rendition of the opinion, which was written by Judge Persons. Eve and Graham concurred in the judgment of reversal, but, specially concurring, announced dissent from rulings appearing in the opinion. Justice Beck and Judge Gardner concurred in the judgment of reversal, but the record indicates that they did not concur further; intending to leave all matters of law involved for future determination. In connection with this we will examine the record as the same appears on page 719 of the 170 Georgia Reports. Here we find: "and this rule can not be so extended [referring to equitable amendments] as to convert the issue in a claim case into a general action where either party may obtain a general judgment in personam, as was done in the instant case. It therefore follows that the direction of the verdict and the entering of the judgment and decree thereon by the court below was error for this reason; and the judgment overruling the motion for new trial is reversed. Beck, P. J., and Eve, Gardner, and Graham, JJ., concur in the judgment." We therefore hold that the only judgment concurred in was one of *reversal* and that said former decision is not a binding authority requiring the affirmance of the decision in this case.

The record discloses that all of the questions raised in the previous record are again before us. Original attacks made upon the constitutionality of the amendment to the charter of the City of

Decatur are renewed. In addition to this, it is now insisted that: "At that time [the presentation of the original case] no construction of the charter amendment of the City of Decatur had been made. Hence the constitutional question as to whether said amendment, which attempts to lay down a different rule for assessing properties of street railway companies from that which applies to that of other persons, would violate the constitution of this State, and the 14th amendment of the constitution of the United States, was not squarely presented." It is further insisted: "Additional evidence appears in the record now which shows that the property of the Georgia Power Company, which was levied upon under the fi. fa. for the amount of the assessment, is located one half mile from the street which was paved, and is an integral and indispensable part of the system of the company for furnishing electric power to consumers of electricity in the community. It is a substation, absolutely necessary for the rendition of service to its power consumers."

The evidence fully and finally discloses the location, nature, and uses of the substation levied upon by the marshal of the City of Decatur by virtue of this special execution based upon paving assessment made by the city. The Georgia Power Company is a public-service corporation of this State, charged with the performance of specific duties and the rendition of public service to the people of this State, or such as patronize its instrumentalities. "Its integral and indispensable properties" used in the performance of such duties to the public can not be levied upon and sold, certainly not without legislative authority, special or specific judgment or decree, and disconnected or cut away from its charter. In *Biltick v. Georgia, Florida & Alabama Railway Co.,* 142 *Ga.* 159 (82 S. E. 541), a common-law execution was levied upon certain sectionhouses belonging to the railway company. An affidavit of illegality was filed by the company, one of the grounds being: "That said houses are necessary to the operation of said railway company, and said houses are situated upon the right of way of said railway company. . . That in the performance of" duties required of it by law "it is essential and necessary that said company have the peaceful and uninterrupted use of its right of way and buildings. . . That the levy and sale . . would necessarily affect the operation of said railroad as a whole. . . That said right of

way is essential to the existence of said company, and the performance of its duty to the public." This court held that the trial judge properly refused to sustain a demurrer to this affidavit of illegality. In Connor v. Tennessee Central Ry. Co., 109 Fed. 931 (54 L. R. A. 687), it was held that a section of a railroad can not be sold under a decree of court, separate from the franchises, for the purpose of enforcing a contractor's lien. In order to bring about sale of property of railroad company judgment and execution must be specially molded in accordance with Code. See City of Atlanta v. Grant, 57 Ga. 340. We therefore hold that the trial judge erred in directing a verdict finding the substation of the Georgia Power Company, located in the City of Decatur and used by it in the carrying on of its public business of supplying electric current for lighting and power purposes, this being a public duty resting upon it under its charter and under the laws of this State, subject to levy and sale, under special paving execution issued by the City of Decatur.

Under the practice prevailing in this State, it is not necessary that we now determine any of the other questions raised by the record. They are largely of a constitutional nature, and the law is: "A court will always abstain from passing upon the question of the constitutionality of an act of the legislature, if there be any other ground in the case upon which to rest its decision." McGill v. Osborne, 131 Ga. 541 (62 S. E. 811).

Judgment reversed. Beck, P. J., and Eve, Gardner, Moseley, and Searcy, JJ., concur.