## 23190. LEDBETTER *v.* GOODROE *et al.*

SUTTON, J. 1. "In a civil cause the party shall, on or before the filing of the bill of exceptions, pay all costs, and . . give bond with good security, payable to the opposite party, and conditioned for the payment of the eventual condemnation money and all subsequent costs, which bond shall be attested and approved by the said clerk. If such bond is filed, and all costs there accrued paid, subsequently to the filing of the bill of exceptions, provided the same is done within ten days after such bill of exceptions is filed, further proceedings under the judgment shall be stayed until a decision is had upon the bill of exceptions." Civil Code (1910), § 6165; Ga. L. 1917, p. 63. These provisions are mandatory; and before a party can obtain a supersedeas of the order or judgment complained of in the bill of exceptions, all accrued costs must be paid and such bond given, or a proper pauper affidavit filed. *Harris* v. *Barfield Music House,* 147 *Ga.* 321 (93 S. E. 876) ; *Harris* v. *Atlanta Northern Railway Co.,* 144 *Ga.* 701 (87 S. E. 1041) ; *Johnson* v. *Pinkston,* 12 *Ga. App.* 585 (77 S. E. 1075).

2. There being no proper supersedeas of the judgment dismissing the defendant's cross-action, the pendency of the writ of error in the Supreme Court was no obstacle to proceeding in the trial court with all interlocutory or ancillary matters in all respects as if no writ of error had been sued out. *Ryan* v. *Kingsbery,* 88 *Ga.* 361 (14 S. E. 596) ; *Spooner* v. *Coachman,* 18 *Ga. App.* 705 (90 S. E. 373) ; *Perkins* v. *Rowland,* 69 *Ga.* 661; *Truluck.* v. *Peeples,* 1 *Ga,* 1; *Parker-Hensel Engineering Co.* v.

8

*Schuler,* 133 *Ga.* 696 (66 S. E. 800). It follows that the trial court properly rendered judgment in favor of the plaintiff's assignee.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 14, 1933. REHEARING DENIED DECEMBER 1, 1933.

*Sam E. & K. R. Murrell, G. B. Walker,* for plaintiff in error.
*R. B. Lambert, Estes Doremus, Dorsey & Shelton, Ralph H. Pharr, Spalding, MacDougald & Sibley,* contra.

ON MOTION FOR REHEARING.

SUTTON, J. The plaintiff in error contends that he sufficiently complied with the law, and was entitled to a supersedeas of the judgment dismissing his cross-action on filing his bill of exceptions and giving the statutory bond; that it was not necessary that he pay the accrued costs; and that the provisions of section 6165 are not mandatory upon one seeking a supersedeas. We can not agree with this position. "Section 6165 of the Civil Code, providing how a supersedeas may be obtained, is mandatory in declaring that on or before filing a bill of exceptions the party *shall* pay all costs, and give bond with good security, . . conditioned for the payment of the condemnation money and all subsequent costs." *Harris* v. *Barfield Music House,* supra; *Wheeler* v. *Wheeler,* 139 *Ga.* 608 (77 S. E. 817). It is true that, there being no legal supersedeas, "the pendency of the writ of error in the Supreme Court was no obstacle to proceeding in the trial court with all interlocutory or ancillary matters in all respects as if no writ of error had been sued out." However, "What odds does it make that a *supersedeas* is not obtained? Whether there shall be a *supersedeas* or not is optional with the party excepting. If he does not do what is necessary to make his bill of exceptions operate as a *supersedeas,* the other party may go on with the case or not, at his pleasure. If he chooses to go on, he must do so at his peril. Taking the chances of an affirmance, he must run the risk of a reversal; and as by an affirmance he would gain all the ground he passes over, so by a reversal he must lose it all." *Jordan* v. *Jordan,* 16 *Ga.* 446, 452; *Perkins* v. *Rowland,* supra; *Ryan* v. *Kingsbery,* supra; *Montgomery* v. *King,* 125 *Ga.* 388, 391 (54 S. E. 135); *Cumberland Fertilizer Co.* v. *Williams,* 146 *Ga.* 27,

29 (90 S. E. 464). "A remitted judgment of the Supreme Court is to have as much operation and effect in the lower court, when there has been no supersedeas in that court, as when there has been one." *Jordan* v. *Jordan,* supra. If the judgment of the trial court be reversed by the Supreme Court, then all proceedings had in the case after the sustaining of the demurrer to defendant's cross-action are a nullity; and the case stands upon the docket just as if such subsequent proceedings were not had. *Jones* v. *Hurst,* 91 *Ga.* 338 et seq. (17 S. E. 635); *Massachusetts Bonding &c. Co.* v. *Realty Trust Co.,* 139 *Ga.* 180 (2), 186 (77 S. E. 86).

*Rehearing denied.*