30419.   GOLDBERG *v.* CITY OF ATLANTA.

DECIDED JUNE 7, 1944.

*M. Herzberg,* for plaintiff in error.

*J. C. Savage, E. L. Sterne, J. C. Murphy, Bond Almand,* contra.

GARDNER, J.   J. Goldberg was convicted in the recorder's court of Atlanta of selling beer to a drunk man. His petition for the writ of certiorari was sanctioned. On the hearing of the certiorari, counsel for the city moved that it be dismissed on the ground that it failed to show what section of the city code had been violated by the petitioner. This motion was denied, and that judgment *was not excepted to by either party,* and therefore *became the law of the case.* It follows that the contention of counsel for the city in their brief, that this court should hold that the denial of their above-stated motion was error, is untenable, that issue not having been properly raised for our consideration. After the denial of that

motion, counsel for the city made another motion to dismiss the certiorari, on the ground that notice of the sanction of the petition for certiorari and of the time and place of hearing, as required by the Code, § 19-212, had not been given. The court sustained that motion and dismissed the certiorari, and that judgment is assigned as error.

The *sole* question here is whether the judge of the superior court erred in sustaining the second motion. As to that question, the Code, § 19-212, provides: "The plaintiff in certiorari shall cause written notice to be given the opposite party in interest, his agent, or attorney, of the sanction of the writ of certiorari, and also the time and place of hearing, at least ten days before the sitting of the court to which the same shall be returnable, and in default of such notice (unless prevented by unavoidable cause) the certiorari shall be dismissed." `The statute now embodied in that section of the Code has been often construed by the Supreme Court and this court. In *Granade* v. *Wood,* 34 *Ga.* 120, it was held that the failure to give the required notice, or to show its prevention by unavoidable cause, demands the dismissal of the certiorari, on motion made at any time before the final judgment. In that case the motion was made by counsel for the defendant in certiorari at the conclusion of his argument in the case. In *Franke* v. *May,* 86 *Ga.* 659, 660, 662 (12 S. E. 1068), Chief Justice Bleckley, speaking for the court, said: "The general spirit of the cases is, that the mandate of the statute, 'the certiorari shall be dismissed,' is not to be disobeyed where there has been a failure to give the written notice required. . . The court committed no error in dismissing the certiorari at the hearing because the statutory notice had not been given. For the lack of such notice, there was no proper case pending in the court. *Toole* v. *Davenport,* 63 *Ga.* 160." In *McConnell* v. *Folsom,* 4 *Ga.* *App.* 535 (61 S. E. 1051), this court, speaking through Judge Russell, held that the notice "is indispensable," and the "failure to give such notice renders the entire proceeding void, and any judgment, except one of dismissal in accordance with the mandatory requirement of § 4644 of the Civil Code [Code, § 19-212], is nugatory." It was also held in that case that the notice "may be waived, but the waiver must be *in writing,* and either service of the notice or the written waiver must appear in the record." Judge Russell there cites many cases in support of his rul-

ing. In *Atlanta Woodenware Co.* v. *Franklin,* 11 *Ga. App.* 245 (75 S. E. 9), this court held: "The defendant in certiorari having actually appeared in the case in the superior court, and filed exceptions to the answer of the magistrate, and having invoked a hearing on these exceptions, it would be trifling with the court for him subsequently to be allowed, when his exceptions had been overruled, to complain that he had not received the notice required by the statute." If there be any conflict between that decision and the older above-quoted decisions, we are, of course, bound to follow the older decisions. However, the *Atlanta Woodenware* case can be distinguished from the instant case. Here, the defendant in certiorari did not file any exceptions to the answer of the trial judge, or file any other paper touching the merits of the case. It appears from the record that when the certiorari came up for hearing, counsel for the defendant in certiorari made a motion to dismiss the certiorari on the ground that it failed to show what city ordinance the petitioner was convicted of violating. That was a motion based on an alleged technical defect, having no relation to the merits of the case. After that motion was denied, the same counsel were not debarred, by any reason, from making the motion to dismiss the certiorari upon the ground that the mandatory notice required by the statute had not been given. The making of the first motion did not amount to a waiver of the required notice.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*