32428.  CHAFFIN *v.* CHAFFIN, guardian.

PARKER, J.  1. Where a petition to the judge of the superior court for a writ of certiorari from the court of ordinary has been sanctioned, and the writ of certiorari shall have been issued, "The plaintiff in certiorari shall cause written notice to be given to the opposite party in interest, his agent, or attorney, of the sanction of the writ of certiorari, and

also the time and place of hearing, at least 10 days before the sitting of the court to which the same shall be returnable, and in default of such notice (unless prevented by unavoidable cause) the certiorari shall be dismissed." Code § 19-212.

2. The only thing appearing in the record as to the ten days' notice to the adverse party of the time and place of hearing is a written statement of counsel for the petitioner, in which he certifies in his place as such counsel, that he gave "written notice of the date thereof, and of the sanction and issuance of the writ of certiorari within the time required by law," to the attorney of record for the adverse party, the defendant in the petition, and "also delivered to the [?] to him for said notice a verbatim copy of the petition and order of the court sanctioning said writ, and that counsel has admitted by a course of [m]any discussions that he has had and doth have notice and knowledge of the same." The statement recites that the notice referred to therein was "given on the same date of the sanction or within a day or so thereafter." The sanction of the petition by the judge of the superior court was on July 13, 1948, but the writ of certiorari did not issue until August 13, 1948. The statement of counsel fails to show the ten days' notice necessary to the opposite party, his agent or attorney of "the time and place of hearing" the certiorari as required by the statute, or that he was prevented from giving it by unavoidable cause. On the other hand, the statement shows that counsel for the defendant in certiorari was given notice merely of the sanction and issuance of the writ of certiorari, and was served only with a copy of the petition and the order sanctioning it; and was neither served with a copy of the writ of certiorari, nor given notice of the time and place of hearing. The writ of certiorari had not issued at the time counsel for the petitioner gave whatever notice was given to the opposite party.

3. The superior court did not err in dismissing the certiorari for lack of proper notice to the opposite party of the time and place of hearing. See *McConnell* v. *Folsom Brothers*, 4 *Ga. App.* 535 (61 S. E. 1051); *Watson* v. *American Nat. Bank*, 13 *Ga. App.* 599 (79 S. E. 586); *Goldberg* v. *Atlanta*, 71 *Ga. App.* 269 (30 S. E. 2d, 661). *American Bonding & Surety Co.* v. *Adams*, 124 *Ga.* 510 (52 S. E. 622), and other cases relied on by the plaintiff, are not contrary to our ruling herein.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

Decided May 13, 1949.

*Charles W. Anderson, J. Milam Morris Jr.*, for plaintiff in error. *Lucian J. Endicott*, contra.