35139. GLOVER *et al.* v. THE BERRY SCHOOLS.

Decided May 12, 1954—Rehearing denied May 27, 1954.

234

*Graham Glover,* for plaintiffs in error.

*Aubrey Matthews,* contra.

TOWNSEND, J. Code § 19-212 provides as follows: "The plaintiff in certiorari shall cause written notice to be given to the opposite party in interest, his agent, or attorney, of the sanction of the writ of certiorari, and also the time and place of hearing, at least 10 days before the sitting of the court to which the same shall be returnable, and in default of such notice (unless prevented by unavoidable cause) the certiorari shall be dismissed." No notice pursuant to this statute appears in the record in this case, and the only statement in regard thereto is that of counsel for the defendant in error, made in connection with his motion to dismiss the proceedings, as follows: "I have that notice that he left in my office. It is undated and unsigned. It is giving notice that the case was returnable to the October term, and to be heard on the second Monday in October, and that was not signed, and that is the only notice or attempt of notice of anything."

The statutory notice must include notice of the sanction of the writ, the time and place of hearing, and must show that it was given ten days before the hearing date. Whether or not the notice contained any of these essential averments, except that concerning the time of hearing, does not appear from the statement of counsel (construing the statement as being an admission that a notice of some sort was received). Nor was the notice as to time of hearing correct, since, under the provisions of Code § 19-209, the writ could not legally be made returnable to the October term, it having been issued within less than 20 days before the commencement of such term. Accordingly, no sufficient notice appears from the record before this court. See *Chaffin* v. *Chaffin,* 79 *Ga. App.* 257 (53 S. E. 2d 576).

It is insisted, however, that, under the authority of *Atlanta Woodenware Co.* v. *Franklin & Ridley,* 11 *Ga. App.* 245 (75 S. E. 9) and *Peoples Bank of Oliver* v. *Ash,* 18 *Ga. App.* 315 (89 S. E. 441), the defendant in certiorari waived his right to insist upon the dismissal of the proceedings on the ground of lack of notice by appearing in the case and moving to not allow plaintiffs in certiorari to traverse the answer of the County Board of Roads and Revenues, thereby invoking a ruling of the court in

the case. Upon reviewing these cases in connection with the later case of Goldberg v. City of Atlanta, 71 Ga. App. 269 (30 S. E. 2d 661), and the earlier cases therein cited, including Granade v. Wood, 34 Ga. 120, Franke v. May, 86 Ga. 659 (12 S. E. 1068), and McConnell v. Folsom, 4 Ga. App. 535 (61 S. E. 1051), we conclude it is well settled that failure to give the required notice renders the entire proceeding void, except where the giving of such notice is prevented by unavoidable cause or where such notice is waived. In the McConnell case it is held that the required notice may be waived, but the waiver must be in writing, while in the Atlanta Woodenware Company and Peoples Bank cases it was held that the conduct of the defendant in prosecuting the case on its merits was such that it would be held to be trifling with the court, after such efforts had proved unsuccessful, to say that he had not waived the required notice. Whether the notice may be waived by conduct short of express written waiver is not, however, before this court and need not be here decided, for the reason that there is no express written waiver here and the conduct of the defendant in certiorari in opposing the filing of a traverse to the answer of the Road Commissioners of Floyd County (which is relied upon by the plaintiff in certiorari as constituting a waiver of notice) was in no sense directed to the merits of the case.

The judge of the superior court did not err in dismissing the petition in certiorari.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*